## BEGGS & CHESTER *vs.* BUTLER & ADAMS.

Where several defendants are sued at law upon a joint contract, a part of the defendants cannot file a bill in chancery for the purpose of enabling them to use the testimony of the others, to make out a legal defence which is common to all of them. But if the defence is valid as to some of the defendants in the suit at law, and is invalid as to the others, and the same cannot be established except by the testimony of the defendants who have no defence to the suit, those who have a valid defence may file a bill in chancery for relief.

Whether the real plaintiff in a suit at law, upon an usurious note, who has brought his suit in the name of another person as the nominal plaintiff, can be compelled to testify as to the usury, under the provisions of the act of 1837 on that subject; *Quære?*

July 20.    THIS case came before the chancellor upon appeal, by the defendants, from a decretal order of the vice chancellor of the eighth circuit, disallowing their several demur-

rers to the complainants' bill. The facts of the case are correctly stated in the report of the decision before the vice chancellor, (1 *Clark's Ch. Rep.* 518 ;) except that it is there said the bill was filed for *discovery* and relief, when in fact it was filed for relief merely ; an answer on oath being expressly waived by the bill.

*H. A. Risley & W. P. Mellen*, for the appellants.

*C. H. S. Williams*, for the respondents.

The Chancellor. The object of this bill is to obtain a perpetual injunction restraining the defendants from prosecuting an action at law, against the complainants, brought against them and S. Starr jointly, upon a note purporting to be made by all the defendants in the suit at law ; which action is alleged to be brought in the name of Butler, for the sole benefit of Adams as the real owner of the note, in order to avoid the defence of usury.

It is set up as one special ground of demurrer, by each of the defendants, that Starr, one of the makers of the note and one of the defendants in the action at law, ought to have been a party to this suit ; and I think the objection is well taken. As the action at law is brought against all the makers of the note jointly, although upon a note which is joint and several in its terms, it is evident that if the complainants' bill should be dismissed upon the merits, that decree would not be binding upon Starr, the other defendant in the suit at law ; and that Butler and Adams might be subjected to the expense of a double litigation, either in this court or in the court of law. The defence of usury goes to the right to recover against Starr, as well as against the present complainants as his sureties. And in the joint action which has been commenced, it is impossible to recover against one of the makers and not against the others. The decision in the case of *Bailey* v. *Inglee*, (7 *Paige's Rep.* 278,) therefore, appears to be conclusive upon the question raised by this ground of demurrer. In the case

of *Miller* v. *McCan*, (7 *Paige's Rep.* 452,) the defence went to the personal discharge of the surety only; and the promise having originally been a joint one, the holder of the note was entitled to a judgment against the principal debtor, even if the surety succeeded in showing himself discharged by the giving time of payment. Here the principal debtor and his sureties had a common interest in defeating the recovery on the note which they had all signed. In such a case this court has recently decided that it is not only necessary to make the principal debtor a party to the suit, but that he must be joined as a complainant unless it appears from the bill that he refused to join with his sureties in bringing the suit in this court. (*Morse* v. *Hovey & Thayer, ante,* p. 197.)

Again; there is nothing in the bill to show that the complainants can obtain any relief in this court which they could not as well obtain in the suit at law. There is no allegation that they have released or intend to release the principal debtor from his obligation to indemnify them against the payment of this note; if such a release would render him a competent witness to establish a defence in which he had a common interest with themselves. And the complainants by their bill show that they do not come here for a discovery; as they have expressly waived an answer on oath.

I am also of opinion that the bill is destitute of equity on another ground; and that the complainants have a perfect defence at law in the suit instituted against them and Starr jointly. It is alleged in the bill that the note, after it was executed and made payable in one year, was altered without the knowledge or consent of Beggs, one of the makers, so as to become payable in nine months. And this allegation must, upon the demurrers, be taken to be true. No recovery, whatever, can therefore be had against him on the note; nor can a recovery be had against either of the other signers of the note in the joint suit against the three.

I am likewise inclined to the opinion that if the suit is

in fact brought in the name of Butler for the sole benefit of Adams, as the real holder and owner of the note, the latter may be compelled to testify to the fact of usury, in the same manner as though he was the nominal plaintiff in the suit. The decision in *Mauran* v. *Lamb*, (7 *Cowen's Rep.* 174,) proceeded upon the principle that the real plaintiff in a suit was not compelled to be a witness against himself. But the act of 1837, to prevent usury, having authorized the calling of the plaintiff in the suit to establish the defence, the real plaintiff cannot, upon the principle of the decision referred to, claim an exemption to which he would not have been entitled if he had brought the suit in his own name, instead of attempting to commit a fraud upon the statute.(*a.*)

For these reasons I think the demurrers should have been allowed. The decretal order appealed from must, therefore, be reversed, without costs to either party upon the appeal. And the demurrers must be allowed and the bill dismissed with costs ; but without prejudice to the rights of the complainants to avail themselves of any defence they may have in the suit at law, either on the ground of usury or of the alteration of the note without the consent of Beggs, or otherwise.

---

(*a*) But see *Bank of Salina* v. *Henry*, (1 *Hill's New-York Reports*, 555,) where the supreme court decided that the statute only extended to the plaintiff on the record ; and that the exemption from a criminal prosecution did not extend to a mere witness. See also *Kempshall & Eggleston* v. *Burns*, in the court for the correction of errors, December 29th, 1842.