### JOHN McKNIGHT vs. ISAAC V. BAKER.

A defendant can not appear and plead in a cause as a matter of course never having been served with process. A motion to set aside an inquest against a defendant on the ground that a co-defendant was declared against in the declaration filed, and that both defendants had appeared and pleaded, although but one was served with process, and that the plaintiff could not sever in such a case and take an inquest against the defendant who had been served, will be denied with costs, for the reason that defendant who has not been served with process has no right to appear and plead.

*Motion by defendant to set aside inquest for irregularity.*—This suit

was commenced to recover the amount of a promissory note made by defendant Baker, and endorsed by one Peter Comstock. The declaration filed was against Baker and Comstock. A copy of the declaration was served on the defendant Baker, 26th November last; no declaration was ever served on Peter Comstock. On the 3d of December last, defendant Baker appeared and pleaded; on the same day plaintiff's attorneys served defendant's attorneys with notice of trial for January circuit; the cause was not reached at the January circuit, and on the 15th of January Ebenezer Clark, Esq., one of defendant's attorneys, undertook to appear and plead for Peter Comstock, without any process having been served upon him. Plaintiff's attorneys on the 16th January served on said Clark a notice, stating that as no suit had been commenced against Peter Comstock by them in favor of John McKnight, the plea and notice served by said Clark for Comstock would be entirely disregarded. In March following, plaintiff's attorneys served another notice of trial in this cause on defendant's attorneys for the April circuit. At the April circuit the cause was reached in its regular order on the calendar, and an inquest and verdict taken therein upon which a judgment was subsequently entered up. Defendants moved on the ground that the plaintiff could not sever and take an inquest against one defendant, where both had appeared and pleaded in the cause.

E. CLARK, *Defts Counsel.*     CLARK AND PATTISON, *Defts Attys.*

C. STEVENS, *Plffs Counsel.*     CAGGER AND STEVENS, *Plffs Attys.*

JEWETT, Justice.—Denied the motion on the ground that Peter Comstock had no right to appear and plead; he never having been served with process. Plaintiff had a perfect right to disregard the appearance and plea, and go on and take his inquest against Baker.

Motion denied with costs.