## SUPREME COURT.

TRACY agt. REYNOLDS AND TUCKER

One of several defendants who has not been served with a summons or complaint, can not *voluntarily appear* and move to dismiss the complaint under § 274, where his rights are not affected. He must be contented to remain quiet out of court until invited to appear there.

*Albany Special Term*, 1852. *Motion to dismiss complaint.* A summons and complaint was served on the defendant Reynolds in December 1850. No summons was served on the defendant Tucker, but on the 12th day of December 1850, he voluntarily appeared by his attorneys, and served a notice of appearance and demanded a copy of the complaint. The object of the suit was to reach the surplus moneys arising from the sale of mortgaged premises under a statute foreclosure. The plaintiff, having ascertained that the sale had not been completed, several months before notice of this motion was given, discontinued the suit as against Reynolds and paid his costs. A motion was made on behalf of the defendant Tucker, to dismiss the complaint for unreasonable delay in serving the complaint, with costs.

     J. E. TAYLOR, *for Plaintiff.*

     W. L. LEARNED, *for Defendant Tucker.*

HARRIS, Justice.—The 274th section of the Code declares that the court may dismiss a complaint with costs, in favor of one or more defendants, in case of unreasonable neglect, on the part of the plaintiff, to serve the summons *on other defendants*, or to proceed in the cause *against the defendants served.* Neither of the things specified has occurred in this case. There has been no omission to serve the summons upon any party other than the defendant who makes this application, nor has there been any omission to proceed against any party who has been served with a summons. There is nothing, therefore, in the provision of the Code referred to, which can sustain this motion.

The counsel who argued in support of the motion, referred to the last clause of the 139th section of the Code, which makes a

Tracy agt. Reynolds and Tucker.

*voluntary appearance* equivalent to personal service of a summons. This provision was not in the Code at the time the defendant appeared in this action. But if it had been, I do not see that it could have given him the right to make himself a defendant against the will of the plaintiff. It was always the case, that by a voluntary appearance the defendant admitted that regular process had been regularly served. His appearance operated upon prior irregularities and omissions by way of estoppel. But it was never the case, in any court, that a party uninvited and unwelcome, could intrude himself upon the court and the plaintiff, unless he had some right to protect which rendered such appearance necessary. Thus, where an injunction had been granted affecting the rights of a party not served with a subpœna, he was allowed to appear, voluntarily, and join in a motion to dissolve the injuntion (Waffle vs. Vanderheyden, 8 *Paige*, 45). So, in the Georgia Lumber Co. vs. Bissell (9 *Paige*, 226), it was held that a defendant, arrested upon a *ne exeat*, might, without waiting for the service of a subpœna, enter his appearance, and demand a copy of the bill.

In this case there is no pretence of any such necessity. The defendant who makes this motion, would have been quite safe to have remained out of court until summoned to appear. If he has incurred expense in retaining counsel, he has done it prematurely, and should not be permitted to charge that expense upon a party who had in no way molested him. The motion must, therefore, be denied with costs.