THE WATERBURY MANUFACTURING COMPANY *v.* ISIDORE KRAUSE and MORITZ KRAUSE.

*In an action brought against a firm of the name of I. K. & Brothers, M. K. was, by mistake, named as defendant instead of H. K. Although no summons or complaint was ever served upon him, he appeared and answered, denying that he was a partner in the firm. The plaintiffs then moved for leave to discontinue against him without costs, and to substitute the name of H. K. for that of M. K., wherever it occurred in the summons and complaint. On appeal from the order granting the application, Held,*

*I. That the order rested in the discretion of the court, and was not appealable.*

*II. That the circumstances of the case fully warranted the order as granted.*

APPEAL from an order granting leave to the plaintiff to discontinue, without costs, as against one defendant, and to amend

The Waterbury Manufacturing Co. v. Krause.

by substituting the name of another.    The facts appear in the opinion of the court.

*P. J. Joachimsen*, for the appellants.

*L. A. Fuller*, for the respondents.

HILTON, J.—This action is brought upon two promissory notes, made by the firm of I. Krause & Bro.    By mistake, Moritz Krause was named as one of the defendants instead of Henry Krause, but no summons or complaint was served on him.    He, however, appeared, and put in an answer denying that he ever was a partner of Isidore Krause, or that the notes were the partnership notes of the defendants named.    The plaintiffs, upon discovering their error, applied, at special term, for leave to discontinue the action against the defendant Moritz Krause, without costs, and also to insert Henry Krause in place of Moritz Krause, wherever it occurred in the complaint and summons.    The application was granted, and from the order thus made the defendant Moritz Krause appeals.

The order rested entirely in the discretion of the court making it, and the circumstances of the case fully authorized and warranted it.    Code, § 173.    The defendant Moritz Krause was never served with process, and, by his appearing and answering, intruded himself into a litigation, the result of which could in no manner affect him or his interests.    Code, § 136.

Besides, an order of this kind is not subject to review at general term, and is not appealable.    Code, § 349.

. Appeal dismissed, with costs.