
52b 158
16ap625

## OSBURNE *vs.* GILBERT.

Where a defendant sued by long summons in a justice's court, in a different
county from that in which he resides, appeared by attorney and put in an
answer, the attorney stating that the defendant resided in another county,
but he did not plead that fact, nor would he make an affidavit of it; *Held*
that the defendant, by answering, waived any defense on the ground of resi-
dence, and thus gave the justice jurisdiction of his person.

The case of *Clapp* v. *Graves*, (26 *N. Y. Rep.* 418,) is decisive in such a case.

APPEAL from the county court of Wyoming county.
The action was first tried in a justice's court where the
plaintiff recovered, and the defendant appealed to the
county court, where the action was again tried. The only
question made is that the defendant was a resident of
Allegany county, and was sued by a long summons in
Wyoming county, and that, therefore, the justice had no
jurisdiction, and should have dismissed the case.

The case showed that on the return day of the sum-
mons the defendant appeared by one Hanks, and he asked
one Osburne, who appeared for the plaintiff, if he knew
where the defendant resided. Osburne answered he did
not know, whether in Allegany or Wyoming county.
Hanks said "I know the defendant is an inhabitant of
Allegany county." He was requested by the plaintiff's
attorney to make his affidavit of the fact, but he excused
himself from doing so. The justice said to Hanks that
there was no evidence before him; that he was ready to
decide when there should be proper evidence. The plain-
tiff put in his complaint, and the defendant answered,
denying all the allegations. The trial was adjourned, and
the parties appeared again, when the defendant offered to
amend his answer and set up his non-residence. It was
objected that he was too late in doing this, and the justice
so held. This question was renewed in the county court,
and an offer made, there, to plead the non-residence, which
was overruled, and judgment being rendered for the plain-
tiff, the defendant appealed.

Beardsley *v.* Davis.

*L. Spring*, for the appellant.

*Thomas Corbitt*, for the respondent.

*By the Court*, MARVIN, J.   *Clapp* v. *Graves*, (26 *N. Y. Rep.* 418,) is decisive of this case.   The only difference in the two cases is that in that case the issue was joined, nothing being said as to the residence of the defendant; in this case the attorney for the defendant said that the defendant resided in Allegany county; but he did not plead that fact, nor would he make an affidavit of it; and the justice very properly said that there was no evidence of the fact before him; that he would decide when there was.   The defendant, by answering the complaint, waived any defense on the ground of residence, and thus gave the justice jurisdiction of his person, and the cause of action was one proper for a justice's court.   The question raised is fully discussed and decided in *Clapp* v. *Graves*, and there is no occasion for any further discussion.

The judgment must be affirmed.