For these reasons the motion to set aside the verdict and for a new trial is denied. An extra allowance of 5 per centum upon the sum recovered is awarded to the plaintiff. Order to be settled upon one day's notice.

(5 App. Div. 595.)

### In re WESTURN'S ESTATE.

### In re CARNEY et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1896.)

APPEAL—ORDER AFFECTING SUBSTANTIAL RIGHT.

An order dismissing a motion by administrators to set aside a citation to show cause why their letters should not be revoked, made on the ground that the proof was not sufficient to authorize the citation, does not affect a substantial right.

Appeal from surrogate's court, Warren county.

Proceeding to revoke letters of administration on the estate of Samuel Westurn, deceased, issued to Adele Carney and another. From an order dismissing a motion made by the administrators to set aside a citation requiring them to show cause why the letters should not be revoked, they appeal. Dismissed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

A. Armstrong, Jr., for appellants.

MERWIN, J. On the 25th of May, 1895, letters of administration upon the estate of Samuel Westurn were issued to the appellants. Thereafter on the 3d of January, 1896, upon petition of the respondent, verified December 18, 1895, a citation was issued by the surrogate's court, directed to the said administrators, requiring them to show cause why a decree should not be made revoking the letters issued to them. This citation was returnable February 12, 1896. Thereupon the appellants, upon notice to the respondent, made a motion in the surrogate's court, on the 20th of January, 1896, to set aside the citation, on the ground that the petition did not furnish sufficient proof to authorize the citation. This motion was based solely on the petition and citation. Upon the hearing in the surrogate's court on the 20th of January, 1896, the preliminary objection was taken by the respondent that the citation had not been served on the administrators, and that they had no standing in court to make the motion. The motion was thereupon dismissed. From the order of dismissal the administrators appeal.

An appeal is allowed from an order of the surrogate's court when it affects a substantial right. Code Civ. Proc. § 2570. The motion in the present case was made before the return day of the citation, and before the citation was served. There is nothing in the papers indicating that any right of the appellants was affected, in the absence of the service of the citation. Whether, at that stage of the case, a motion to vacate the citation would be entertained, was in the discretion of the surrogate's court. The order of dismissal will not interfere with any motion the appellants may

make after service is in fact made, or affect their rights upon the return day, even if the service of the notice of motion be deemed an appearance. We are of the opinion that the order dismissing the motion did not affect a substantial right, and is therefore not appealable. See In re Soule's Will, 46 Hun, 661, affirmed 109 N. Y. 662, 17 N. E. 868; In re Phalen, 51 Hun, 208, 4 N. Y. Supp. 408; In re Odell, 15 N. Y. St. Rep. 116; Tracy v. Reynolds, 7 How. Prac. 327.

Appeal dismissed. All concur.

(5 App. Div. 544.)

### ALBERT v. ALBANY RY. CO.

(Supreme Court, Appellate Division, Third Department. May 5, 1896.)

INJURY TO CHILDREN—CONTRIBUTORY NEGLIGENCE OF PARENT.
　　In an action to recover damages for the death of a child about 3½ years old, it appeared that the child's mother sent her and her sister, a child 5 years old, to a shoe store, to reach which they were obliged to cross defendant's electric railroad track. The mother knew this when she sent the children, and she testified that she thought it was dangerous, and that she told the children to be careful of the cars. While they were crossing the track, decedent was struck by an approaching car. *Held*, that the mother was guilty of such negligence as barred a recovery.

Appeal from circuit court, Albany county.

Action by Joseph Albert, as administrator of Loretta Albert, against the Albany Railway Company, to recover damages for the death of plaintiff's intestate. From a judgment entered on a verdict in favor of plaintiff for $3,000, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and PUTNAM, MERWIN, and EDWARDS, JJ.

Rosendale & Hessberg (S. W. Rosendale, of counsel), for appellant.

Parker & Fiero (J. Newton Fiero, of counsel), for respondent.

PARKER, P. J. The infant daughter of the plaintiff, aged three years and four months, while attempting to cross South Pearl street, in this city, was run over by one of the defendant's trolley cars, and killed. This action is brought under the statute to recover damages for the loss which her next of kin have sustained by her death. Upon the trial, the jury gave a verdict against the defendant for $3,000; and from the judgment entered thereon, and from an order denying a new trial, this appeal is taken.

The child was run over while attempting to cross the tracks in front of an approaching car. The car was in plain sight, and but a short distance away, when she entered upon the tracks; and it is plain from the evidence that, had she been of mature years, her own negligence so far contributed to the injury that it would have barred a recovery in this action. But she was plainly "non sui juris," and her own negligence, therefore, will not have that effect.