## WEIDMAN v. SIBLEY et al.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

COUNTY COURTS—JURISDICTION—NONRESIDENT DEFENDANTS.

> Const. 1895, art. 6, § 14, gives the county court jurisdiction in cases "where the defendants reside in the county." Code Civ. Proc. § 340, subd. 3, gives the county court jurisdiction "where the defendant is, or if there are two or more defendants, where all of them are at the time of the commencement of the action, residents of the county." Sections 456, 1204, 1205 (rendered applicable to county courts by Code Civ. Proc. § 348), provide that judgment may be given against one or more of several defendants where a several judgment is proper. *Held*, that in an action ex delicto against several defendants, some of whom are nonresidents, the county court has jurisdiction as to those who reside in the county, though defendants were sued as partners, and there was an appearance and answer by attorney in behalf of all of them.
>
> Follett and Adams, JJ., dissenting.

Appeal from Monroe county court.

Action by William Weidman against Rufus A. Sibley and others for personal injuries. The complaint was dismissed, and plaintiff appeals. Reversed.

This action was commenced in November, 1895, in the county court of Monroe county, by the service of a summons and complaint upon all the defendants except Curr and Liddle. They were nonresidents of the state, residing in Colorado. The defendants are a firm of merchants in Rochester. They had an elevator in their establishment, which was operated by the plaintiff (the appellant here). While engaged in doing so, the plaintiff was injured, as he claims, through the negligence of the defendants, and brought this action for damages. The other five defendants reside in the county of Monroe. Upon the service of the summons and complaint on the resident defendants, a firm of attorneys in Rochester served a notice of retainer and appearance upon the plaintiff's attorney, for all of the defendants, and thereafter served an answer for them all, in which they denied the allegations of the complaint, and, for a separate answer, alleged that the defendants Curr and Liddle were not residents of the county of Monroe. Upon the trial it was admitted that Curr and Liddle were nonresidents of the state of New York, and the other defendants were residents of the county of Monroe; and the counsel for all of the defendants moved that the complaint be dismissed, as against them all, for lack of jurisdiction in the court, for the reason that Curr and Liddle were nonresidents of the county of Monroe. The motion was granted, whereupon the plaintiff made a motion upon the minutes of the judge for a new trial, which was denied by the county court for the reason that the lack of jurisdiction was not over the person of the defendants, but of the cause of action. Judgment of dismissal was entered in defendants' favor for $63.81 costs, from which judgment and the order denying a new trial the plaintiff appeals.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Quincy Van Voorhis, for appellant.
Albert Harris, for respondents.

WARD, J. It is insisted on behalf of the appellant that the county court erred in dismissing the complaint as against the resident defendants. The action was for a tort, and the defendants were severally liable for the plaintiff's damages, and the plaintiff could maintain an action against all or any of the defendants; and there is no rule which makes all the tort feasors necessary par-

44 N.Y.S.—67

ties to an action of this character. Creen v. Hartmann, 29 N. Y. 591; Roberts v. Johnson, 58 N. Y. 613; Kain v. Smith, 80 N. Y. 458; Beal v. Finch, 11 N. Y. 134. Had the action been originally brought against only the five defendants who were residents of Monroe county, or any one of them, it could undoubtedly have been maintained. The cause of action arose in Monroe county. Does the fact that the two nonresident defendants were named in the summons and complaint, though not served with process, change the situation as to any of the resident defendants? The Code of Civil Procedure (sections 1204, 1205) provides that judgment may be given for or against one or more defendants, where a several judgment may be proper. Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791. And by section 456 of the Code it is provided that:

"Where a summons issued against two or more defendants, alleged to be severally liable, is served upon some, but not upon all of them, the plaintiff may proceed against those upon whom it is served, as if they were the only defendants named therein. Where it is served upon all of them, the plaintiff may take judgment against one or more of them, where he would be entitled to judgment, if the action was against him or them alone."

These provisions of the Code apply to the county courts. Section 3347, subds. 4, 8, and section 348.

But the learned counsel for the respondents claims that under section 14 of article 6 of the constitution, which gave the county courts "original jurisdiction in all cases where the defendants reside in the county, and in which the damages claimed shall not exceed," etc., and under subdivision 3 of section 340 of the Code of Civil Procedure, which confers jurisdiction on those courts over "an action for any other cause, where the defendant is, or, if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding," etc., no cause of action exists, of which the county court has jurisdiction, against any of the parties defendant named in the complaint, unless all of the parties so named are residents of the county. The provisions of law, whether constitutional or statutory, must receive a reasonable construction, and one in harmony with the purpose sought to be obtained by the law itself. The purpose of the provisions under consideration was to deprive the county court of jurisdiction as against a nonresident defendant, but jurisdiction was retained in those courts as to the resident defendants. Where the county court has before it a defendant who is liable "for any cause" of action to the plaintiff, independent of his relations to any other defendant, it has jurisdiction to proceed against him, and a several judgment can be rendered. This view brings section 340 of the Code in harmony with the other sections cited, and they should all be construed together. The nonresident defendants were not before the county court. Neither of them was served with process. The appearance of the attorneys, as to them, conferred no jurisdiction, and had no effect. While, in courts of general jurisdiction, an appearance in an action by a nonresident defendant, not served with process, may

waive jurisdiction as to his person, it is not so with courts of limited jurisdiction, especially as to the subject-matter of the litigation. Landers v. Railroad Co., 53 N. Y. 450; Wheelock v. Lee, 74 N. Y. 495; Davidsburgh v. Insurance Co., 90 N. Y. 526; Heenan v. Railway Co., 34 Hun, 602. Therefore the case stands precisely as if there had been no appearance for these absent defendants. The defendants cannot be permitted to assert that their general appearance by an attorney in the action is not effectual to confer jurisdiction as against the nonresident defendants, but is effectual to so bring them into the case as to operate as a lever to oust the county court of jurisdiction as to the resident defendants. The court below having no jurisdiction of the nonresident defendants, they had no interest in the action. No proceedings therein could affect them. Although they were co-partners with the resident defendants in the business in which the plaintiff was injured, any judgment against the resident defendants in the action, it being for a tort, would not affect them, as no contribution could be enforced against them. Miller v. Fenton, 11 Paige, 18; Peck v. Ellis, 2 Johns. Ch. 131; Andrews v. Murray, 33 Barb. 354; Robinson v. Frost, 14 Barb. 536; Travis v. Tobias, 7 How. Prac. 90; Geisenheimer v. Dodge, 1 How. Prac. (N. S.) 264. Their appearance in the action seems to have been an intrusion for an ulterior purpose, and they had no right to appear. As was well said in Tracy v. Reynolds, 7 How. Prac. 327, by Harris, J.:

"It was never the case in any court that a party not invited, and unwelcome, could intrude himself upon the court and the plaintiff, unless he had some right to protect which rendered such appearance necessary."

Under the ruling of the court below in this case, the maker of a promissory note, who was a resident of Monroe county, could not be held liable in an action in which a nonresident indorser, not served, had been made a party. Clearly, in such a case, the county court could have proceeded to judgment against the maker. McKnight v. Baker, 1 How. Prac. 201; Bank v. Cutting, 1 Bosw. 636. As before said, no doubt exists that, if none but the resident defendants had been named in the summons and complaint, the court below would have had jurisdiction of those defendants; nor can any doubt exist that after the dismissal of the complaint in this case another action can be maintained in the court below against the resident defendants. Upon what principle, therefore, can the contention rest that the county court had not the power to dispose of the same issues between the plaintiff and the resident defendants upon the trial below? The respondents' only answer is that "such is the law." The law is a sensible and practical institution. It abhors circuity of actions. The court below was dealing with the issues made up against the resident defendants, and not with questions concerning defendants over whom it had no jurisdiction; and it erred in dismissing the complaint as to the resident defendants, and for that error the judgment should be reversed.

GREEN, J. (concurring). An action is instituted in a court of limited jurisdiction by the service of the summons upon several of

the parties named as defendants, but not upon all. An attorney serves notice that he has been retained to defend the action in behalf of all parties named in the summons, and demands a copy of the complaint. The complaint served alleges that all the defendants are residents of the county. The attorney thereupon served a joint answer, containing a general denial and also an allegation that the defendants not served were nonresidents. The plaintiff accepted the notice of appearance and the answer without objection, and went to trial upon the issues presented by the pleadings. Assuming that the general, unqualified, or unconditional appearance by the persons not made parties to the action by service of process did not constitute a waiver of the defense, dependent upon their nonresidence, and a submission of their persons to the jurisdiction of the court, the question presented for determination is whether, in an action founded in tort, persons not made parties to the action may put in a special appearance, by answer or in any other mode, for the sole purpose of ousting the court of jurisdiction of the resident defendants; in other words, whether the court, upon the application of such persons, made either by direct motion, or by answer and motion upon the trial, will oust itself of the jurisdiction acquired over those who were made parties to the action by service of process. Clearly, in an action of this character, the parties not served had no legal right to force themselves into the suit, against the plaintiff's objection, with the purpose of defeating the action. McKnight v. Baker, 1 How. Prac. 201; Tracy v. Reynolds, 7 How. Prac. 327; Manufacturing Co. v. Krause, 1 Hilt. 560. Otherwise as to joint-liability partners. Fox v. Brooks, 7 Misc. Rep. 426, 27 N. Y. Supp. 975; Wellington v. Classon, 18 How. Prac. 10.

But it is contended that because the plaintiff accepted the answer, and went to trial upon the issues presented, he thereby consented to consider the persons as parties to the action, to all intents and purposes, and to litigate the issue as to residence, and, upon his failure to establish the fact, the court was ousted of jurisdiction over the resident defendants. Let us see if that is the legal consequence or result. When the plaintiff accepted the notice of appearance and retainer, he had the right to rely upon the assumption that all the defendants thereby elected to submit their persons to the jurisdiction of the court. The answer served qualified the general appearance, and made it special, and the plaintiff was thereby notified that these nonresidents did not submit their persons to the jurisdiction of the court at all, with the intention or for the purpose of litigating any matter between themselves and the plaintiff, but that they simply came into the suit with the sole object of dismissing it as to the resident defendants. Of themselves the court acquired no jurisdiction by service of process, or by the general appearance (this we assume), but they make a special appearance, and declare that they will not submit to the jurisdiction; and not only this,—they demand that the court shall proceed no further against the other wrongdoers, but shall surrender the jurisdiction acquired. Such a proceeding as this

ought not to be entertained for a moment. A party not served should not be permitted to intervene in this manner and to take an ambiguous position. He should either appear and abide the consequences, or not appear. He cannot occupy an uncertain status, partly appearing and partly not appearing. The appearance here was simply for the purpose of making a motion to dismiss an action against others, to which he is not a party, and to which he refuses to be a party. It is an appearance "under protest." If, then, the answer is to determine the nature or quality of the appearance, it is the appearance in the action, and, as they decline to come in and submit to the jurisdiction of the court, they, in effect, declare that they are not parties to the action, and refuse to become such for the purpose of litigating any of the matters alleged in the complaint. They are not, therefore, in a position to move for a dismissal of the action as to those who are parties. In effect, they say: "We have not been made parties to this action, and no judgment can be rendered against us, and we decline to come into this action to defend ourselves against any claim asserted; but we desire to appear and prove to the court that we are nonresidents, and that the court should proceed no further against the actual defendants. In other words, the sole purpose of their appearance is to protect the resident defendants from liability to judgment in this suit. Now, if it were the proper practice or method of procedure (which it is not) to raise the objection of jurisdiction, dependent on residence, by direct motion founded on affidavits, could it be considered for an instant that these nonresidents would be at liberty to intrude themselves into the action by making a special appearance for the sole purpose of ousting the court of jurisdiction over the resident defendants? Would any court listen to such an application? Most certainly not. Is not a special appearance by answer the same, in legal effect, as a notice of motion? Where the complaint alleges residence, issue must be taken upon the averment. If not, the defense of nonresidence is waived; it cannot be shown at the trial, and jurisdiction of the person is conferred. Hamburger v. Baker, 35 Hun, 456; Hankinson v. Page, 19 Abb. N. C. 274; Sullivan v. Frazee, 4 Rob. (N. Y.) 616. And so, also, even if the complaint contains no such allegation. Bunker v. Langs, 76 Hun, 543, 28 N. Y. Supp. 210; Ross v. Konor (Sup.) 2 N. Y. Supp. 169. The objection cannot be taken by motion, but must be by answer. The answer is equivalent to a notice of motion, and the notification is that the motion will be made upon the trial, upon the evidence presented. Such an answer the plaintiff is, of course, bound to accept from a defendant served with process. That the plaintiff would have the right to discontinue as to such a defendant,—at least, in an action in tort,—there seems no legal reason to doubt. But why should the plaintiff be compelled or required to discontinue the action as to an alleged nonresident, when he has no sufficient proof of the fact, or suffer the consequence of having his action dismissed as to all the defendants, where there is a several liability? When the nonresidence of one defendant is established, and the action is dismissed as

to him, it should be allowed to proceed against the others. In such case the constitutional and statutory provision is complied with; that is to say, all the defendants against whom judgment may be rendered are defendants. As to those who are nonresidents, no judgment can go against them, for the court has no power over their persons; but it ought not to follow that those who are within the power and subject to the jurisdiction of the court should escape liability to judgment on that account. The reason of the law—that parties should not be compelled to defend their rights in local courts distant or remote from their place of residence— is satisfied by dismissing the action, with costs, as to them; but the reason or purpose of the statute has no apparent application to those who are residents of the locality. We fail to perceive that the latter have any legal right or interest in that matter. Where action is brought in the supreme court, a defendant may obtain a change of venue, of which right he is deprived in local court. There is judicial utterance to the effect that the defense is personal to the nonresident (Lewin v. Wright, 31 Hun, 327), and there is much legal truth in the observation. The objection may be waived by the person affected by the action in the local court foreign to his residence. If the nonresident should decline to set up the defense in his separate answer, would a plea to the jurisdiction by the resident defendants be of any avail? We should say not, for the nonresident has a legal right to waive an objection that is merely personal to himself. It is competent to confer jurisdiction of the person by consent, even in courts of limited jurisdiction. That is well established by authority, and is founded on legal principles. The plaintiff was not bound to accept the special appearance by the nonresidents, whether by answer or in any other mode. Nor, having accepted it, was he bound to move for a discontinuance as to them, or suffer a dismissal of the action. If any motion of that character should have been made, he would be met with the objection that the nonresidents had theretofore appeared generally, and that the matter must be determined upon the trial. But if the assumption is true that the general appearance was nullified by the answer, and the only appearance was for the special purpose of raising the objection of nonresidence of the interveners, the latter were not parties to the action, or subject to the jurisdiction of the court, and were in no position to demand that the court should surrender the jurisdiction acquired over the resident defendants. An appearance for the sole purpose of objecting by motion to jurisdiction over the person is not an appearance in the action. Elliott v. Lawhead, 43 Ohio St. 177, 1 N. E. 577. A special appearance by way of answer is but another mode of accomplishing the same object as by motion. These parties had no right to appear with a reservation of an objection to the jurisdiction of the action as against the resident defendants. They are not to be allowed to intervene and appear with a protest against the jurisdiction, not only as to themselves, but all the other defendants as well, and to oust the court of the jurisdiction acquired. If a party wishes to insist upon the objection that he is not in court, he must

keep out for all purposes except to make that objection. He cannot be allowed to appear specially for the purpose of giving a qualified jurisdiction, with the sole object of obtaining a dismissal of the action as to others. They have come in, and insist that not only shall no judgment go against themselves (which, of course, could not be done), but also that no judgment shall pass against the other wrongdoers. Really, it seems not to be a question of "jurisdiction of the court" at all, in a proper sense, but one of venue. However, it does not pertain to the "jurisdiction of the court" per se. If it did, jurisdiction could not be conferred by waiver. Code Civ. Proc. § 499. But here the nonresident may waive by not pleading to it. Consent will confer it. The provision of the constitution should be interpreted in the light of the prior state of the law. Cooley, Const. Lim. 74, 80. That is, with regard to rendering judgment against one and dismissing as to others. Jurisdiction of county courts was not specified in the constitution of 1846. A reasonable interpretation, and one that is consonant to legal rules of practice and procedure, should be adopted. Defense of nonresidence may be waived even in justice's court. Clapp v. Graves, 26 N. Y. 418; Osburne v. Gilbert, 52 Barb. 158.

The judgment should be reversed, and new trial ordered, with costs to abide the event.

HARDIN, P. J. (concurring). The nature of the action stated in the complaint is such that it might have been maintained against any one or more of the seven defendants, if the action had been brought in the supreme court. The county court of Monroe county had jurisdiction of the subject-matter, and of the persons of the five resident defendants. It may be said that it did not have jurisdiction of the nonresident defendants, and that they had an immunity from the jurisdiction of the county court, by reason of their nonresidence, conferred upon them by the restrictive words of the constitution; in other words, the constitution inhibits the county court from taking jurisdiction of nonresident defendants. The letter and spirit of the constitution are answered by awarding to the nonresident defendants protection against an action being maintained against them. The resident defendants are not protected by the letter and spirit of the constitutional provision from an action being maintained against them in the county court, inasmuch as the cause of action stated is one which the constitution authorizes the county court to consider and determine as against resident defendants. When the fact was made to appear that two of the defendants were nonresidents of the county of Monroe, those two defendants were entitled to have the action, so far as it related to them, discontinued, and the complaint, as to them, dismissed. That right might have been awarded to the nonresident defendants, and, because the nonresident defendants were entitled to that direction as to them, it does not follow that after such direction was given, and the complaint, as to such nonresidents, dismissed, the county court did not have jurisdiction of the subject-matter, the cause of action, and of the persons of the five

resident defendants. Judgment reversed and a new trial ordered, with costs to abide the event.

FOLLETT, J. (dissenting). This action was begun in the county court of the county of Monroe, November 21, 1895, to recover damages for a personal injury caused, it is alleged, by the negligence of the defendants. The defendants are partners engaged in business at Rochester, N. Y., under the firm name of Sibley, Lindsay & Curr. It is alleged in the complaint that all the parties to the action are residents of the county of Monroe, and that the plaintiff was an employé of the firm, and engaged in running in its store an elevator which was negligently constructed, and by reason thereof it fell January 8, 1895, and injured the plaintiff. When the action was begun, all the defendants were residents of the county of Monroe, and were personally served with process, except John Curr and Robert Liddle, who then were, and now are, residents of the state of Colorado, and have not been served with process. December 11, 1895, all the defendants appeared in the action by Harris & Harris, their attorneys, who served a general notice of retainer, in the usual form. December 31, 1895, all the defendants answered jointly by Harris & Harris, their attorneys, interposing two defenses: (1) A general denial; (2) that the defendants John Curr and Robert Liddle were not residents of the county of Monroe. A trial was had May 26, 1896, and it was conceded that John Curr and Robert Liddle, two of the defendants, were when the action was begun, and at the date of the trial, residents of the state of Colorado. Thereupon the court dismissed the complaint for want of jurisdiction, and the plaintiff excepted.

The constitution in force when this action was begun provided:

"The existing county courts are continued. * * * They shall also have original jurisdiction in all cases where the defendants reside in the county and in which the damages claimed shall not exceed one thousand dollars." Const. art. 6, § 15.

By the constitution which went into effect January 1, 1896, and was in force when this action was tried, the jurisdiction of county courts in such actions, in respect to the amount involved, was enlarged to $2,000, and it was further provided:

"The legislature may hereafter enlarge or restrict the jurisdiction of the county courts, provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which any person not a resident of the county is a defendant." Const. art. 6, § 14.

The jurisdiction of county courts is not dependent upon where the cause of action arises, but is dependent upon the amount involved in the action, and the residence of all the defendants, which must be within the county in which the action is begun. To give a county court jurisdiction of a case or action brought therein for the recovery of money only, two facts must exist, and appear on the face of the complaint: (1) That the amount demanded does not exceed the limit fixed by the constitution; and (2) that all the defendants are residents of the county in which the case or action

is begun. It is idle to say that all the persons named as defendants in the summons and in the complaint are not defendants in the action. They are expressly made so by the plaintiff, who alleges in his complaint the jurisdictional facts; that is, that all the defendants are residents of the county of Monroe, and the judgment demanded is for $1,000 only. All the defendants appeared in the action; the notice of retainer was not returned; they answered jointly; their answer was not returned, but it was accepted; and the plaintiff went to trial on the issues joined between the plaintiff, on the one side, and the defendants, on the other, without making an effort to have the two defendants who resided in Colorado stricken from the action. The constitution does not provide that, in case a separate judgment may be rendered against the defendants, a county court shall have jurisdiction of those who reside within the county, against whom such a judgment may be rendered; but it expressly provides that all the defendants in an action must be residents of the county in which the action is brought. The fact that all the defendants appeared in the action, as they had the right to do,—being invited by the plaintiff,—did not, in the face of their answer, averring that the court had no jurisdiction, confer jurisdiction of this action on the county court, as against all or any one of the defendants. Burckle v. Eckhart, 3 N. Y. 132; Wheelock v. Lee, 74 N. Y. 495; Davidsburgh v. Insurance Co., 90 N. Y. 526; Heenan v. Railway Co., 34 Hun, 602; Parkhurst v. Machine Co., 65 Hun, 489, 20 N. Y. Supp. 395. The case last cited is decisive of the case at bar. If all the parties to an action in a county court should sign an agreement that the court might try and determine an action in which all or some of the defendants were not residents of the county, or in which the amount demanded exceeded the limit fixed by the constitution, it would not confer jurisdiction; and, should the parties proceed to trial and judgment under such circumstances, it would, at most, amount to an arbitration. Had the defendants in this action appeared and confessed a judgment for an amount exceeding the limit fixed by the constitution, or had it appeared on the face of the judgment so confessed that some of the defendants were not residents of the county, the judgment so entered would have been void. Coffin v. Tracy, 3 Caines, 129. In the case of a court having general jurisdiction, parties without its jurisdiction may, by appearing in an action, give such court jurisdiction of their persons. McCormick v. Railroad Co., 49 N. Y. 303. Such is not the case at bar.

The judgment and order should be affirmed, with costs.

ADAMS, J., concurs.