WILLIAM WEIDMAN, Appellant, *v.* RUFUS A. SIBLEY and Others, Respondents.

*County Court — action in, for a tort against partners, some residents and others non-residents of the county — the non-residents cannot appear, answer and procure a dismissal of the complaint as to the resident partners — wrongdoers are severally liable — the appearance of a non-resident in a County Court does not confer jurisdiction.*

In an action brought in the County Court of Monroe county upon a cause of action based upon negligence, which arose in that county, seven partners were named in the summons as defendants, two of whom were non-residents of the State of New York, and were not served with process, but an appearance was served on behalf of all the defendants, and an answer was thereafter served on behalf of all of the defendants containing a general denial, and alleging as a separate defense that two of the defendants were not residents of the county.
On this ground a motion was made upon the trial to dismiss the complaint as to all the defendants, and was granted.
*Held,* that the ruling was erroneous;
That the non-residents, objection to the jurisdiction of the County Court having been taken by answer, were not parties to the action, and could not make themselves parties for the purpose of objecting to its proceeding against those defendants who were subject to its jurisdiction;
That as the defendants were severally liable for the tort it was not necessary that all the tort feasors should be made parties, and that the action could be maintained against those who were subject to the jurisdiction of the court;
That the action being one which might have originally been brought against any or all of the wrongdoers, the court should have dismissed the complaint as to the non-resident defendants and should have permitted it to proceed as to the resident defendants.

APPEAL by the plaintiff, William Weidman, from a judgment of the County Court of Monroe county in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 29th day of May, 1896, upon the dismissal of his complaint directed by the court after a trial before the court and a jury, and also from an

order entered in said clerk's office on the 17th day of August, 1896, denying the plaintiff's motion for a new trial made upon the minutes.

This action was commenced in November, 1895, in the County Court of Monroe county, by the service of a summons and complaint upon all the defendants except Curr and Liddle, who were non-residents of the State of New York, but resided in Colorado. The other five defendants reside in the county of Monroe.

The defendants are a firm of merchants in Rochester. They had an elevator in their establishment which was operated by the plaintiff (the appellant here). While engaged in doing so, the plaintiff was injured, as he claims, through the negligence of the defendants, and brought this action for damages. Upon the service of the summons and complaint on the resident defendants, a firm of attorneys in Rochester served a notice of retainer and appearance upon the plaintiff's attorney for all of the defendants, and thereafter served an answer for them all, in which they denied the allegations of the complaint and, for a separate defense, alleged that the defendants Curr and Liddle were not residents of the county of Monroe.

Upon the trial, it was admitted that Curr and Liddle were non-residents of the State of New York, and that the other defendants were residents of the county of Monroe, and the counsel for all of the defendants moved that the complaint be dismissed as against them all for lack of jurisdiction in the court, for the reason that Curr and Liddle were non-residents of the county of Monroe. The motion was granted, whereupon the plaintiff made a motion upon the minutes of the judge for a new trial, which was denied by the County Court for the reason that the lack of jurisdiction was not over the person of the defendants, but of the cause of action. Judgment of dismissal was entered in the defendants' favor and for sixty-three dollars and eighty-one cents costs, from which judgment and the order denying a new trial the plaintiff appeals.

*Quincy Van Voorhis*, for the appellant.

*Albert H. Harris*, for the respondents.

WARD, J.:

It is insisted on behalf of the appellant that the County Court erred in dismissing the complaint as against the resident defendants.

The action was for a tort, and the defendants were severally liable

for the plaintiff's damages, and the plaintiff could maintain an action against all or any of the defendants, and there is no rule which makes all the tort feasors necessary parties to an action of this character. (*Creed* v. *Hartmann*, 29 N. Y. 591; *Roberts* v. *Johnson*, 58 id. 613; *Kain* v. *Smith*, 80 id. 458; *Beal* v. *Finch*, 11 id. 134.)

Had the action been originally brought against only the five defendants who were residents of Monroe county, or any one of them, it could undoubtedly have been maintained. The cause of action arose in Monroe county. Does the fact that the two non-resident defendants were named in the summons and complaint, though not served with process, change the situation as to any of the resident defendants? The Code of Civil Procedure (§§ 1204, 1205) provides that judgment may be given for or against one or more defendants where a several judgment may be proper. (*Stedeker* v. *Bernard*, 102 N. Y. 327.)

And by section 456 of the Code it is provided that: "Where a summons, issued against two or more defendants, alleged to be severally liable, is served upon some, but not upon all of them, the plaintiff may proceed against those upon whom it is served as if they were the only defendants named therein. Where it is served upon all of them the plaintiff may take judgment against one or more of them, where he would be entitled to judgment if the action was against him or them alone."

These provisions of the Code apply to the County Courts: Section 3347, subdivisions 4 and 8, and section 348.

But the learned counsel for the respondents claims that under section 15 of article 6 of the Constitution, which gave the County Courts "original jurisdiction in all cases where the defendants reside in the county, and in which the damages claimed shall not exceed," etc., and under subdivision 3 of section 340 of the Code of Civil Procedure, which confers jurisdiction on those courts over "an action for any * * * cause where the defendant is, or if there are two or more defendants, where all of them are, at the time of the commencement of the action residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding," etc., no cause of action exists of which the County Court has jurisdiction against any of the parties defendant named in the complaint, unless all of the parties so named are residents of the

county.   The provisions of law, whether constitutional or statutory, must receive a reasonable construction and one in harmony with the purpose sought to be obtained by the law itself.

The purpose of the provisions under consideration was to deprive the County Court of jurisdiction as against a non-resident defendant, but jurisdiction was retained in those courts as to the resident defendants.   Where the County Court has before it a defendant who is liable "for any   *   *   *   cause" of action to the plaintiff, independent of his relations to any other defendant, it has jurisdiction to proceed against him and a several judgment can be rendered.   This view brings section 340 of the Code in harmony with the other sections cited, and they should all be construed together.

The non-resident defendants were not before the County Court. Neither of them was served with process.   The appearance of the attorneys as to them conferred no jurisdiction and had no effect. While in courts of general jurisdiction an appearance in an action by a non-resident defendant, not served with process, may waive jurisdiction as to his person, it is not so with courts of limited jurisdiction, especially as to the subject-matter of the litigation.   (*Landers* v. *Staten Island R. R. Co.,* 53 N. Y. 450; *Wheelock* v. *Lee,* 74 id. 495; *Davidsburgh* v. *The Knickerbocker Life Ins. Co.,* 90 id. 526; *Heenan* v. *West Shore & Buffalo Railway Co.,* 34 Hun, 602.)

Therefore, the case stands precisely as if there had been no appearance for these non-resident defendants.   The defendants cannot be permitted to assert that their general appearance by an attorney in the action is not effectual to confer jurisdiction as against the non-resident defendants, but is effectual to so bring them into the case as to operate as a lever to oust the County Court of jurisdiction as to the resident defendants.   The court below, having no jurisdiction of the non-resident defendants, they had no interest in the action.   No proceedings therein could affect them.   Although they were copartners with the resident defendants in the business in which the plaintiff was injured, any judgment against the resident defendants in the action, it being for a tort, would not affect them, as no contribution could be enforced against them.   (*Miller* v. *Fenton,* 11 Paige, 18; *Peck* v. *Ellis,* 2 Johns. Ch. 131; *Anderson* v. *Murray,* 33 Barb. 354; *Robinson* v. *Frost,* 14 Barb. 536; *Travis* v. *Tobias,* 7 How. Pr. 90; *Geisenheimer* v. *Dodge,* 1 How. Pr. [N. S.] 264.)

Their appearance in the action seems to have been an intrusion for an ulterior purpose, and they had no right to appear.

As was well said in *Tracy* v. *Reynolds* (7 How. Pr. 327) by HARRIS, J. : " It was never the case in any court that a party uninvited and unwelcome could intrude himself upon the court and the plaintiff unless he had some right to protect which rendered such appearance necessary."

Under the ruling of the court below in this case, the maker of a promissory note, who was a resident of Monroe county, could not be held liable in an action in which a non-resident indorser not served had been made a party. Clearly, in such a case the County Court could have proceeded to judgment against the maker. (*McKnight* v. *Baker*, 1 How. Pr. 201 ; *East River Bank* v. *Cutting*, 1 Bosw. 636.)

As before said, no doubt exists that, if none but the resident defendants had been named in the summons and complaint, the court below would have had jurisdiction of those defendants, nor can any doubt exist that, after the dismissal of the complaint in this case, another action could have been maintained in the court below against the resident defendants.

Upon what principle, therefore, can the contention rest that the County Court had not the power to dispose of the same issues between the plaintiff and the resident defendants upon the trial below. The respondent's only answer is that " such is the law." The law is a sensible and practicable institution. It abhors circuity of actions. The court below was dealing with the issues made up against the resident defendants, and not with questions concerning defendants over whom it had no jurisdiction, and it erred in dismissing the complaint as to the resident defendants, and for that error the judgment should be reversed.

All concurred, except FOLLETT and ADAMS, JJ., dissenting.

GREEN, J. :

An action is instituted in a court of limited jurisdiction by the service of the summons upon several of the parties named as defendants, but not upon all. An attorney serves notice that he has been retained to defend the action in behalf of all parties named in the summons, and demands a copy of the complaint. The complaint

served alleges that all the defendants are residents of the county. The attorney thereupon served a joint answer containing a general denial, and also an allegation that the defendants not served were non-residents. The plaintiff accepted the notice of appearance and the answer without objection and went to trial upon the issues presented by the pleadings. Assuming that the general, unqualified or unconditional appearance by the persons not made parties to the action by service of process, did not constitute a waiver of the defense dependent upon their non-residence, and a submission of their persons to the jurisdiction of the court, the question presented for determination is whether, in an action founded in tort, persons not made parties to the action may put in a special appearance, by answer or in any other mode, for the sole purpose of ousting the court of jurisdiction of the resident defendants. In other words, whether the court, upon the application of such persons, made either by direct motion, or by answer and motion upon the trial, will oust itself of the jurisdiction acquired over those who were made parties to the action by service of process. Clearly, in an action of this character, the parties not served had no legal right to force themselves into 'the suit, against the plaintiff's objection, with the purpose of defeating the action. (*McKnight* v. *Baker*, 1 How. Pr. 201; *Tracy* v. *Reynolds*, 7 id. 327; *Waterbury Manuf. Co.* v. *Krause*, 1 Hilt. 560.) Otherwise as to joint liability partners. (*Fox* v. *Brooks*, 7 Misc. Rep. 426; *Wellington & Abbott* v. *Classon's*, 18 How. Pr. 10.)

But it is contended that because the plaintiff accepted the answer and went to trial upon the issues presented, he thereby consented to consider the persons not served with process as parties to the action to all intents and purposes and to litigate the issue as to residence, and that, upon his failure to establish the fact, the court was ousted of jurisdiction over the resident defendants. Let us see if that is the legal consequence or result. When the plaintiff accepted the notice of appearance and retainer, he had the right to rely upon the assumption that all the defendants thereby elected to submit their persons to the jurisdiction of the court. The answer served qualified the general appearance and made it special, and the plaintiff was thereby notified that these non-residents *did not* submit their persons to the jurisdiction of the court at all with the intention or for the purpose of litigating any matter between themselves and the plaintiff, but that they

simply came into the suit with the sole object of dismissing it as to the resident defendants. Of themselves, the court acquired no jurisdiction by service of process or by the general appearance (this we assume), but they make a special appearance and declare that they will not submit to the jurisdiction, and not only this, they demand that the court shall proceed no farther against the other wrongdoers, but shall surrender the jurisdiction acquired. Such a proceeding as this ought not to be entertained for a moment. A party not served should not be permitted to intervene in this manner and to take an ambiguous position. He should either appear and abide the consequences or not appear. He cannot occupy an uncertain status, partly appearing and partly not appearing. The appearance here was simply for the purpose of making a motion to dismiss an action against others, to which the persons thus appearing are not, and to which they refuse to be parties. It is an appearance " under protest." If then, the answer is to determine the nature or quality of the appearance, it is *the* appearance in the action; and as they decline to come in and submit to the jurisdiction of the court, they, in effect, declare that they are not parties to the action, and refuse to become such for the purpose of litigating any of the matters alleged in the complaint. They are not, therefore, in a position to move for a dismissal of the action as to those who are parties. In effect they say: " We have not been made parties to this action, and no judgment can be rendered against us, and we decline to come into this action to defend ourselves against any claim asserted, but we desire to appear and prove to the court that we are non-residents, and that the court should proceed no further against the actual defendants." In other words, the sole purpose of their appearance is to protect the resident defendants from liability to judgment in this suit.

Now, if it were the proper practice or method of procedure (which it is not) to raise the objection of jurisdiction dependent on residence, by direct motion founded on affidavits, could it be considered for an instant that these non-residents would be at liberty to intrude themselves into the action by making a special appearance for the sole purpose of ousting the court of jurisdiction over the resident defendants? Would any court listen to such an application? Most certainly not. Is not a special appearance by answer the same in legal effect as a notice of motion? Where the complaint alleges

residence, issue must be taken upon the averment; if not, the defense of non-residence is waived; it cannot be shown at the trial, and jurisdiction of the person is conferred (*Hamburger* v. *Baker*, 35 Hun, 455; *Hankinson* v. *Page*, 19 Abb. N. C. 274; *Sullivan* v. *Frazee*, 4 Robt. 616); and so, also, even if the complaint contains no such allegation. (*Bunker* v. *Langs*, 76 Hun, 543; *Ross* v. *Konor*, 17 N. Y. St. Repr. 465.)

The objection cannot be taken by motion, but must be taken by answer. The answer is equivalent to a notice of motion, and the notification is that the motion will be made upon the trial upon the evidence presented. Such an answer the plaintiff is, of course, bound to accept from a defendant served with process. That the plaintiff would have the right to discontinue as to such a defendant — at least in an action in tort — there seems no legal reason to doubt. But why should the plaintiff be compelled or required to discontinue the action as to an alleged non-resident, when he has no sufficient proof of the fact, or suffer the consequence of having his action dismissed as to all the defendants, where there is a several liability? When the non-residence of one defendant is established, and the action is dismissed as to him, it should be allowed to proceed against the others. In such case the constitutional and statutory provision is complied with; that is to say, all the defendants against whom judgment may be rendered are defendants. As to those who are non-residents, no judgment can go against them, for the court has no power over their persons; but it ought not to follow that those who are within the power and subject to the jurisdiction of the court should escape liability to judgment on that account. The reason of the law — that parties should not be compelled to defend their rights in local courts distant or remote from their place of residence — is satisfied by dismissing the action, with costs, as to them; but the reason or purpose of the statute has no apparent application to those who are residents of the locality. We fail to perceive that the latter have any legal right or interest in that matter. Where an action is brought in the Supreme Court a defendant may obtain a change of venue, of which right he is deprived in a local court. There is a judicial utterance to the effect that the defense is personal to the non-resident (*Lewin* v. *Wright*, 31 Hun, 327), and there is much legal truth in the observation. The objection may be waived by the

person affected by the action in the local court foreign to his residence. If the non-resident should decline to set up the defense in his separate answer, would a plea to the jurisdiction by the resident defendants be of any avail? We should say not, for the non-resident has a legal right to waive the objection which is merely personal to himself. It is competent to confer jurisdiction of the person by consent, even in courts of limited jurisdiction. That is well established by authority and is founded on legal principles.

The plaintiff was not bound to accept the special appearance by the non-residents, whether by answer or in any other mode. Nor, having accepted it, was he bound to move for a discontinuance as to them, or suffer a dismissal of the action. If any motion of that character should have been made, he would be met with the objection that the non-residents had theretofore *appeared generally*, and that the matter must be determined upon the trial. But if the assumption is true that the general appearance was nullified by the answer, and the only appearance was for the special purpose of raising the objection of non-residence of the intervenors, the latter were not parties to the action or subject to the jurisdiction of the court, and were in no position to demand that the court should surrender the jurisdiction acquired over the resident defendants.

An appearance for the sole purpose of objecting, by motion, to jurisdiction over the person, *is not an appearance in the action.* (*Elliott* v. *Lawhead*, 43 Ohio St. 177.)

A special appearance by way of answer is but another mode of accomplishing the same object as by motion. These parties had no right to appear with a reservation of an objection to the jurisdiction of the action as against the resident defendants. They are not to be allowed to intervene and appear with a protest against the jurisdiction not only as to themselves but as to all the other defendants as well, and to oust the court of the jurisdiction acquired. If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection. He cannot be allowed to appear specially for the purpose of giving a qualified jurisdiction, with the sole object of obtaining a dismissal of the action as to others. They have come in and insist that not only shall no judgment go against themselves (which, of course, could not be done), but also that no judgment shall pass against the other wrongdoers.

Really, it seems not to be a question of "jurisdiction of the court" at all, in a proper sense, but one of *venue*. However, it does not pertain to the "*jurisdiction of the court*" *per se*. If it did, jurisdiction could not be conferred by waiver (Code Civ. Proc. § 499), but here the non-resident may waive it by not pleading it. Consent will confer it.

The provision of the Constitution should be interpreted in the light of the prior state of the law. (Cooley Const. Lim. 74, 80.) That is, with regard to rendering judgment against one, and dismissing the complaint as to others. The jurisdiction of County Courts was not specified in the Constitution of 1846. A reasonable interpretation, and one that is consonant with legal rules of practice and procedure, should be adopted.

The defense of non-residence may be waived even in Justice's Court. (*Clapp* v. *Graves*, 26 N. Y. 418; *Osburne* v. *Gilbert*, 52 Barb. 158.)

The judgment should be reversed and new trial ordered, with costs to abide the event.

Judgment reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J.:

The nature of the action stated in the complaint is such that it might have been maintained against any one or more of the seven defendants if the action had been brought in the Supreme Court. The County Court of Monroe county had jurisdiction of the subject-matter and of the persons of the five resident defendants. It may be said that it did not have jurisdiction of the non-resident defendants, and that they, by reason of their non-residence, had an immunity from the jurisdiction of the County Court conferred upon them by the restrictive words of the Constitution; in other words, the Constitution inhibits the County Court from taking jurisdiction of non-resident defendants. The letter and spirit of the Constitution are observed by awarding to the non-resident defendants protection against an action being maintained against them. The resident defendants are not protected by the letter and spirit of the constitutional provision from an action being maintained against them in the County Court, inasmuch as the cause of action stated is one which the Constitution authorizes the County Court to consider and

determine as against resident defendants. When the fact was made to appear that two of the defendants were non-residents of the county of Monroe, those two defendants were entitled to have the action, so far as it related to them, discontinued, and the complaint, as to them, dismissed. That right might have been awarded to the non-resident defendants, and because the non-resident defendants were entitled to that direction as to themselves, it does not follow that, after such direction was given and the complaint as to such non-residents was dismissed, the County Court did not have jurisdiction of the subject-matter, the cause of action and of the person of the five resident defendants.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

FOLLETT, J. (dissenting):

This action was begun in the County Court of the county of Monroe November 21, 1895, to recover damages for a personal injury caused, it is alleged, by the negligence of the defendants.

The defendants are partners engaged in business at Rochester, N. Y., under the firm name of Sibley, Lindsay & Curr. It is alleged in the complaint that all the parties to the action are residents of the county of Monroe, and that the plaintiff was an employee of the firm and engaged in running in its store an elevator, which was negligently constructed, and that by reason thereof it fell January 8, 1895, and injured the plaintiff. When the action was begun all the defendants were residents of the county of Monroe and were personally served with process, except John Curr and Robert Liddle, who then were and now are residents of the State of Colorado, and have not been served with process. December 11, 1895, all the defendants appeared in the action by Harris & Harris, their attorneys, who served a general notice of retainer in the usual form. December 31, 1895, all the defendants answered jointly by Harris & Harris, their attorneys, interposing two defenses: (1) A general denial; (2) that the defendants John Curr and Robert Liddle were not residents of the county of Monroe. A trial was had May 26, 1896, and it was conceded that John Curr and Robert Liddle, two of the defendants, were, when the action was begun and at the date of the trial, residents of the State of Colorado. Thereupon the

court dismissed the complaint for want of jurisdiction, and the plaintiff excepted..

The Constitution in force when this action was begun provided: " The existing County Courts are continued.  *  *  *  They shall also have original jurisdiction in all cases where the defendants reside in the county and in which the damages claimed shall not exceed one thousand dollars." (Const. art. 6, § 15.)

By the Constitution which went into effect January 1, 1896, and was in force when this action was tried, the jurisdiction of County Courts in such actions, in respect to the amount involved, was enlarged to $2,000, and it was further provided: " The Legislature may hereafter enlarge or restrict the jurisdiction of the County Courts, provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which any person not a resident of the county is a defendant." (Const. art. 6, § 14.)

The jurisdiction of County Courts is not dependent upon where the cause of action arises, but is dependent upon the amount involved in the action and the residence of all the defendants, which must be within the county in which the action is begun.

To give a County Court jurisdiction of a case or action brought therein for the recovery of money only, two facts must exist and appear on the face of the complaint : (1) That the amount demanded does not exceed the limit fixed by the Constitution, and (2) that all the defendants are residents of the county in which the case or action is begun.

It is idle to say that all the persons named as defendants in the summons and in the complaint are not defendants in the action. They are expressly made so by the plaintiff, who alleges in his complaint the jurisdictional facts, that is, that all the defendants are residents of the county of Monroe, and the judgment demanded is for $1,000 only. All the defendants appeared in the action; the notice of retainer was not returned ; they answered jointly ; their answer was not returned, but it was accepted, and the plaintiff went to trial on the issues joined between the plaintiff on the one side and the defendants on the other, without making an effort to have the two defendants who resided in Colorado stricken from the action.

The Constitution does not provide that in case a separate judgment may be rendered against the defendants a County Court shall have jurisdiction of those who reside within the county, against whom such a judgment may be rendered, but it expressly provides that all the defendants in an action must be residents of the county in which the action is brought. The fact that all the defendants appeared in the action, as they had the right to do, being invited by the plaintiff, did not, in the face of their answer averring that the court had no jurisdiction, confer jurisdiction of this action on the County Court as against all or any one of the defendants. (*Burckle* v. *Eckhart*, 3 N. Y. 132; *Wheelock* v. *Lee*, 74 id. 495; *Davidsburgh* v. *Knickerbocker Life Ins. Co.*, 90 id. 526; *Heenan* v. *N. Y., W. S. & B. Ry. Co.*, 34 Hun, 602; *Parkhurst* v. *Rochester Lasting Machine Co.*, 65 id. 489.) The case last cited is decisive of the case at bar.

If all the parties to an action in a County Court should sign an agreement that the court might try and determine an action in which all or some of the defendants were not residents of the county, or in which the amount demanded exceeded the limit fixed by the Constitution, it would not confer jurisdiction, and should the parties proceed to trial and judgment under such circumstances, it would, at most, amount to an arbitration. Had the defendants in this action appeared and confessed a judgment for an amount exceeding the limit fixed by the Constitution, or had it appeared on the face of the judgment so confessed that some of the defendants were not residents of the county, the judgment so entered would have been void. (*Coffin* v. *Tracy*, 3 Caines, 129.)

In the case of a court having general jurisdiction, parties without its jurisdiction may, by appearing in an action, give such court jurisdiction of their persons. (*McCormick* v. *Penn. Central Railroad Co.*, 49 N. Y. 303.) Such is not the case at bar.

The judgment and order should be affirmed, with costs.

ADAMS, J., concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.