Bosworth, J.
The complaint alleges that Phineas & *651 Charles Freeman, being partners, made and delivered a note of their firm to the plaintiffs, which is wholly unpaid. That subsequently Charles Freeman died, and that “ said Phineas Freeman and James Eockwell have been duly appointed joint administrators of all his estate and effects.”
It prays, “that the defendants be adjudged to pay the plaintiffs ” the amount due on the note, with the costs of this action. The defendant Eockwell has not been served with the summons.
The defendants have both appeared and united in an answer, which states, first, that they do not know whether the plaintiffs own the note, or are entitled to have and demand payment of the same. Second, that Phineas Freeman survived Charles Freeman, is still living, and resides in the city of New York; and objects that this action cannot be maintained against them as administrators, by reason of anything stated in the complaint, while said Phineas so survives.
To their answer they annex a notice, that they will prove on the trial, that there are other unpaid debts of the same class.
The plaintiffs move to strike out all of the answer except the first part, which puts in issue plaintiffs’ ownership of the note, or that it should be so altered “ as to stand for the answer of Phineas Freeman, the defendant served.”
The answer appears to have been drawn under the idea, that this action is one against both defendants as administrators, and only that; and their counsel contended on the argument, that it could not, when fairly construed, be regarded as an action against Phineas as survivor, and also against him and Eockwell as joint administrators.
The plaintiffs’ counsel insists that it is an action against Phineas as survivor; that Eockwell is made, nominally, a party as administrator; that he has no right to appear and answer until served with the summons; that if the court thinks he could not properly be made a formal party, his name should be stricken from the pleadings, and if he can be, that then the part of the answer to which the motion relates should be stricken out.
The complaint contains every averment necessary to a good complaint against Phineas Freeman as survivor.
*652 It also avers the death of Charles Freeman; the due appoint- ' ment of both defendants as his joint administrators; and prays a judgment in ¡personam against both defendants. ■
It was well settled, prior to the Code, that if one of two joint debtors died, an action at law would only lie against the survivor. (1 Chitty’s Plea. 57.)
■ If the executors or administrators of the deceased party were sued, they might plead that the debt was a joint one and the . survivorship of the other debtor, or give it in evidence under the general issue. (Grant v. Shurter, 1 Wend. 149.)
In Marshall & Jenkins v. De Groot, administratrix (1 Caines’ Cases in Error, 122) a bill was sustained against the administratrix of one of three joint debtors who died solvent, after the remedy at law had been exhausted against the survivors, who were insolvent.
There is no allegation in this complaint of the insolvency of the survivor, Phineas Freeman.
Ho facts are stated on which an action can be maintained against the administrators, as it appears on the face of the complaint that Phineas Freeman is surviving. This objection cannot be taken by answer, because it appears on the face of the complaint. (Code, § 147.)
If it is improper to make the survivor and the representatives of the deceased debtor parties to the same action, or to unite a cause of action against one of them as a contracting party, with one against the representatives of the other joint debtor, as such, then these defects appear on the face of the complaint, and can be taken advantage of only by a demurrer. (Code, §§ 144, 147, and 148.)
I think the plaintiff is wrong in the position, that a person named as defendant, and against whom personally a judgment is prayed, has no right to appear and answer until he has been served with a summons.
The Code declares the voluntary appearance of a defendant equivalent to personal service of the summons on him. (Code, § 139.)
This assumes that he has a right to appear. It subjects him to the same liabilities as if personally served with process, and it would be a strange construction of this part of the Code that *653 should hold, he did not thereupon acquire all the rights of a party actually served.
The practice was settled in chancery in accordance with the view here expressed, and numerous cases on the subject aré collected in Yol. i of Barb. Oh., p. 81, under the head of “ Appearance Gratis.”
If on the facts stated in the complaint, no action can be maintained against either defendant as administrator, this objection is not waived by omitting to demur (Code, § 148), but it may be taken at the trial.
' The plaintiff should be permitted to amend his complaint, by striking out the name of Rockwell as a party, and also the part of it averring the grant of administration, and by praying for judgment against Phineas Freeman only.
And all the answer should be stricken out, except that part which attempts to put in issue allegations of the complaint.
The only questions are, on what terms the order should be made. The defendants have put in an answer not recognised by the Code.
It does not controvert any material allegation of the complaint. The complaint avers that the firm made the note payable to their own order, and endorsed and delivered it to the plaintiffs; and that “ the plaintiffs are now the lawful holders and owners of the note.”
The answer does not controvert the facts that the firm delivered the note to the plaintiffs, and are now the lawful holders of it. It says the defendants have not any knowledge or information sufficient to form a belief whether the plaintiffs are “the owners of the note,” and “ are justly entitled to have and demand payment of the same.”
If this were the whole answer, it would be clearly frivolous, as the uncontroverted allegations show possession and property in the plaintiffs.
If Phineas Freeman had been sued alone, and this had been the whole answer, the plaintiffs would be entitled to judgment on it as frivolous.
But as Rockwell was made a party, and had a right to appear, and has appeared, I do not see how the court can avoid' giving him his costs of the action. But I do not think he should *654 have any costs of this motion. The answer was one which could not properly be interposed.
The order to amend the complaint, and strike out parts of the answer, may be entered, directing the plaintiff' to pay Rockwell’s costs of the action, but without costs of this motion to either party.