## SUPERIOR COURT.

THEODORE S. DRAPER agt. CHARLES F. HENSINGSEN and WILHELMINA his wife.

Upon a complaint properly framed, and making a case of a charge created by a married woman upon her separate estate, she can be compelled to *discover* every matter as to her estate and her responsibility, which could properly be inquired into if she were a *feme sole.*

And this is so where the husband is a party for conformity merely; and if for want of a proper objection for a misjoinder of causes of action, a bill could be allowed to proceed as against him upon a personal liability, and also against her separate estate, the discovery could not be refused; but the answer of the wife in such case could not be used against her husband.

The rules of a court of equity must in principle be applicable, with the alterations in the method and details of discovery made necessary by the provisions of sections 390 and 391 of the Code. And so far as a married woman could be called upon to discover upon a properly framed bill of discovery before the Code, she may be called upon to answer now.

Upon an application for the examination of a married woman, to discover her separate property, an objection that the complaint does not state facts sufficient to constitute a cause of action cannot be taken. Such an objection, however, can be taken on the trial.

*General Term, June, 24th,* 1858.

*Before* BOSWORTH, HOFFMAN, SLOSSON, WOODRUFF *and* PIERREPONT, *Justices.*

THIS action was brought against the defendants upon a bill of exchange, drawn by the husband and indorsed by his wife, for $510.78. The complaint alleged that the consideration for the bill, was the board, meat, drink, lodging, attendance and other necessaries furnished by the plaintiff's assignor to the defendants, and for labor and services, and lent money, also performed and furnished to the defendants within a certain period. The complaint then alleged and charged that the defendant Wilhelmina A. Heningsen, the wife of the defendant Charles Frederick Heningsen, was possessed of and owned in her own right and as of her absolute property separate and apart from her said husband, and not subject to his control, and which

had been acquired and received by her from persons other than her said husband, certain personal property and real estate, far exceeding the sum of $510.78, and of which she still had the separate use and control, and power of disposition, sufficient to charge and create a lien upon the same by the bill of exchange and the indorsement thereof, specifying on information and belief, said real and personal property so held by the wife; that the plaintiff could not set forth with any greater particularity the description, amounts, character, value, situation or details of any of said property, nor whether the same was incumbered or not, and had no means of ascertaining any of such other details, except from an examination of said defendant Wilhelmina, upon oath, under the order and direction of the court. It was also alleged, that the said Wilhelmina, with a full knowledge of the said consideration of the bill of exchange, and with intent to secure the payment of said sum and to charge and create a lien on her said separate estate and property, and to bind the same for the said sum of money, with the knowledge and assent of her husband, indorsed the said bill, and delivered the same to the plaintiff's assignor, whereby she ordered and appointed the contents thereof to be paid to said assignor; and that afterwards and before the said bill became due, it was presented to the said drawer thereof, who refused to accept the same, whereof the defendants had notice. The plaintiff demanded relief that the said Wilhelmina might set forth and discover upon oath in such manner as the court might direct, the amount, value, character, situations, descriptions, and other details of her said separate property; and that the said bill of exchange and the said indorsement thereof, and the contract and obligation entered into and incurred thereby, which became fixed by the non-acceptance and refusal aforesaid and the notice thereof to her, might be declared by the court a charge and lien in equity upon, and to bind her said separate estate and property, and the income thereof, or at least so much thereof as consisted of personal property, and of the income of the said real estate, to an extent sufficient to pay the said sum of $510.78 with interest, &c.; and that such separate

estate and property might be subjected and applied to the satisfaction of said sum, &c.; and that a receiver be appointed, and injunction issued, &c.

The separate answers of the defendants denied, under oath, specifically and generally, the allegations of the complaint, except that the husband admitted the making, execution and delivery of the bill of exchange, but that it was indorsed by his wife, without any knowledge of its consideration. The defendant Wilhelmina, for a further answer, alleged that at no time or times, as mentioned in said complaint, was she, or was she then possessed of or owned in her own right, or as of her absolute property, any estate, either real or personal or mixed, of any kind or value whatever, except her necessary wearing apparel, which was exempt from execution; and that at no time or times as mentioned in said complaint, had she owned or had the control of any income or property of any kind whatever.

On the 26th of December, 1857, the following order by the court was made and entered: " At chambers, December 26th, 1857. The plaintiff having duly summoned the defendant, Wilhelmina A. Heningsen, to appear before me and be examined as a witness for the plaintiff, pursuant to section 391 of the Code of Procedure, and having given the notice of such examination required by said section to both the defendants, and the said Wilhelmina appearing before me by her counsel, Edmon Blankman, Esq., and objecting to such examination: Now on reading the pleadings in this action, and hearing said counsel for Wilhelmina A. Heningsen, and A. R. Dyett, Esq., counsel for the plaintiff: Ordered that such examination be and hereby is refused, and that the plaintiff's application for said examination be and hereby is denied, and that said defendant Wilhelmina A. Heningsen be not examined as desired and applied for by the plaintiff as aforesaid, with ten dollars costs, to be paid by the plaintiff to defendants." From this order the plaintiff appealed to the general term.

A. R. DYETT, *for plaintiff*.
E. BLANKMAN, *for defendants*.

Draper agt. Heningsen.

By the court—HOFFMAN, Justice. We do not think that the case of *Hasbrouck* agt. *Vandervoort*, (4 *Sandford*, 596,) affirmed in the court of appeals, (5 *Selden*, 153,) involves the proposition that the defendant Wilhelmina cannot be examined to any matter whatever, merely because she is a party with her husband on the record, in an action in which judgment can be had against him.

It is not to be contested that upon a bill in chancery properly framed and making a case of a charge created by a married woman upon her separate estate, she could be compelled to discover every matter as to her estate and her responsibility which could be properly inquired into, if she were a *feme sole*. If her husband is a party for conformity merely, no possible difficulty can arise upon proceedings to obtain such a discovery ; and if for want of a proper objection for a misjoinder of causes of action, a bill would be allowed to proceed as against him upon a personal liability, and also against her separate estate, it is not perceived that the rule would be inapplicable, and the discovery refused. In such cases, the answer of the wife cannot be used against the husband. (*Anon.*, 2 *Ch. Ca.* 39 ; *Murray* agt. *Barlee*, 4 *Simons*, 84, *and Mapes* agt. *Barlee, there cited ; Francis* agt. *Wigzell*, 1 *Mad. Rep.* 238 ; *Ottway* agt. *Wing*, 12 *Simons*, 90 ; 1 *Hoffman's Ch. Pr.* 230, *and a, and notes ; Codington* agt. *Earl of Shelbourne*, 2 *Dick.* 475.)

The 389th section of the Code has abolished all bills of discovery, and the method prescribed in the 390th and 391st sections, is the substitute. But the rules of a court of equity must in principle be applicable, with the alterations in the method and details made necessary.

It has been strongly urged that this complaint makes no case against the separate estate of the wife; that it would be held bad upon a demurrer on her behalf. There is great strength in this objection; and it is provided by the 148th section of the Code, that when objections the subjects of demurrer under section 144, are not taken by demurrer or answer, they shall be deemed to be waived, except the objection to the jurisdiction, and that the complaint does not state facts

sufficient to constitute a cause of action. Accordingly it is held, that the last objection may be taken at the trial. (2 *Duer*, 650 ; 19 *Barbour*, 186 ; 3 *Selden*, 469.) It is urged that such an objection must avail on this proceeding.

But in the case in the court of appeals, evidence had been gone into, and the case as presented was, that no cause of action was made out upon the complaint and evidence. It may be remarked that if the objection is taken upon a trial and sustained, the party has the full benefit of reviewing and correcting the decision by an appeal.

But we do not think that this defendant can avail herself upon such an application, as the present of this objection. The principle upon which it would be allowed would admit a party to take the same objection upon any interlocutory motion in the cause, such as for a commission, which certainly would not be justifiable.

It follows that some examination can be permitted. It can be permitted as to the existence, situation and details of her separate estate. It is not proper to attempt to declare in what other, if in any other particulars, it can be allowed. It is sufficient to state that so far as she could be called upon to discover upon a properly framed bill of discovery before the Code, she may be called upon to answer here.

Order at special term reversed without costs.