## SUPREME COURT.

### WELLINGTON & ABBOTT agt. CLASSON'S.

In an action on contract, against two defendants as partners, where they are to be made jointly liable, and summons and complaint served on only one of them, the other may voluntarily appear under § 139 of the Code, and put in an answer, and the plaintiff is bound to receive the answer, although as soon as received it is ascertained that the defence is *infancy*, and he allowed to discontinue *as to such defendant without costs.*

*New-York Special Term, September,* 1859.

THE defendant, Enno J. Classon, a minor not served with summons or complaint, had a guardian *ad litem* appointed, and served an answer; plaintiff declined to receive it on the ground that E. J. Classon was not a party to the action, and had not been brought into court.

The other defendant applied to the court on motion, to compel plaintiffs' attorney to receive the answer of E. J. Classon, upon the authority of 2d *Duer,* 650 (special term).

JOHN FITCH, *for plaintiffs,* cited 14 *Barbour* (*General Term*), 536; 7 *Howard Pr. Rep.* 238; *id.* 4; *id.* 90.

W. R. DARLING, *for defendants.*

INGRAHAM, Justice. It was never denied under the old practice, where several defendants were included in an action on contract, that any one, not served, might enter a voluntary appearance, notwithstanding the plaintiff did not serve the process upon him. Both at law and in equity, such voluntary appearance was allowed, with the exception that in equity it must appear that some claim was made against the defendant so appearing. (8 *Paige,* 45; 9 *Paige,* 226.)

In *Tracy* agt. *Reynolds* (7 *How.* 328), Mr. Justice HARRIS recognizes this rule, where he says a party uninvited could not

intrude himself upon the court and the plaintiff, unless he had some right to protect which rendered such appearance necessary.

I do not understand this rule to be altered by the Code. Section 139 recognizes the right of a defendant to make a voluntary appearance without service of a summons, and authorizes the plaintiff to proceed on such appearance as if the defendant had been served with process.

I concur in the opinion of Chief Justice Bosworth, in 2 *Duer*, 660, that such appearance is proper and cannot be disregarded.

Applying these authorities to the present case, I think the defendant Classon had a right to appear and put in an answer. The action was on contract and was against both the defendants as partners. They were to be made jointly liable and the joint property of the firm could be taken to pay the recovery against one defendant. No partner is required to be silent and suffer the partnership property to be sold without making a defence, if such defence exists, merely because the plaintiff elects to serve a summons only on his co-partner and not on himself. Such a rule would allow one partner who may have a difficulty with his co-partner, by collusion with a plaintiff, to place the partnership property at risk, when by his appearance the partner not served could protect it against an unjust claim.

I think the plaintiff should have allowed and recognized the appearance of the defendant now moving, and should have received the answer.

But as soon as the answer was received, and the plaintiff ascertained the defence was infancy, he might have obtained leave to discontinue as to such infant without costs—and such permission should now be granted.

No costs can be allowed to the defendant in the action, other than the costs of making this motion.

The motion is granted, unless the plaintiff within ten days discontinues as to the defendant, E. J. Classon, and pays costs of motion, $7.