(20 Misc. Rep. 143.)

### McLOUGHLIN et al. v. BIEBER et al.

(Supreme Court, Special Term, New York County. January, 1899.)

1. RIGHT OF APPEARANCE—PARTNERSHIP—INTEREST.

The fact that a partner named as defendant in an action on a partnership debt, but not served with a summons, has made a general assignment for creditors, and has been adjudged a bankrupt, does not show that he has no interest in the action, so that he may not appear therein, under Code Civ. Proc. § 1933, providing that judgment in form against co-partners for a joint liability can be enforced, as to a partner not served with a summons, only by resort to the partnership property, since the partnership property may exceed his debts.

2. SAME—OBJECTIONS BY PLAINTIFF.

Under Code Civ. Proc. § 424, declaring the voluntary appearance of a defendant equivalent to personal service of a summons, one named as a joint defendant, but not served with process, may serve notice of appearance against plaintiff's objection.

3. SAME—DISCRETION OF COURT.

Code Civ. Proc. § 1932, providing that, in an action wherein the complaint demands judgment against defendants jointly indebted, if the summons is served on one or more, and not on all, of the defendants, plaintiff may proceed against the defendants served, unless the court "otherwise directs," when read in connection with section 424, declaring a voluntary appearance of a defendant equivalent to personal service of a summons, does not give the court discretion to authorize procedure against those defendants alone who have been served, but merely to forbid plaintiff to proceed against the defendants not served.

Action by John McLoughlin and others against Joseph Bieber and others. Motion by defendant Joseph Bieber, upon whom no service of summons had been made, that plaintiffs' attorney be compelled to receive notice of his appearance. Granted.

L. L. Van Allen, for the motion.
Rounds & Dillingham, opposed.

SCOTT, J. The plaintiffs sue these defendants for a co-partnership debt, asking judgment against all of them. The summons and complaint was served only upon Leopold Bieber, who duly answered; and the cause was noticed for trial and placed upon the calendar, and subsequently moved onto the preferred calendar. No attempt was made to serve either of the other defendants, but, on January 5th of the present year, one of them, Joseph Bieber, caused a notice of appearance and demand to be served on the plaintiffs' attorneys, who on the following day returned it, with the statement that they did so because the defendant Joseph Bieber had no interest in the suit, had not been served therein, and had no right to appear therein. On the following day the notice of appearance and demand was again served upon plaintiffs' attorneys, and was again returned by them, with a reiteration of their former reasons for so doing, and the statement of the additional reason that the action was already at issue as to Leopold Bieber, and upon the calendar for trial. The defendant Joseph Bieber now moves that the plaintiffs' attorneys be compelled to receive the notice of appearance. This motion is opposed by a statement of the following facts: The goods, for the

value of which the action is brought, were sold to defendants, who were then co-partners in business, between March and December, 1897.  On January 1, 1898, the co-partnership, composed of all the defendants, was dissolved, and a new co-partnership formed, consisting of Joseph Bieber and Jacob Greenwald, who in February, 1898, made and delivered to the plaintiff, as collateral security for the debt of the former firm, certain promissory notes, upon which a judgment was subsequently recovered by default against Joseph Bieber and Greenwald.  Plaintiffs further show that their object in bringing this action and serving only Leopold Bieber is in order that they may obtain a personal judgment against him for the amount of their claim, and they explain their statement that Joseph Bieber has no interest in the action by reference to section 1933 of the Code of Civil Procedure, under which a judgment in form against co-partners for a joint liability can be enforced, as to a partner not served with a summons, only by resort to the partnership property; and they aver that there is no partnership property in which Joseph Bieber has any interest, because he made a general assignment for the benefit of his creditors on July 11, 1898, and that afterwards, and on January 14, 1899, as a result of proceedings instituted by plaintiffs, he was adjudicated a bankrupt in the United States district court, and that an investigation of his assets and liabilities indicates that his estate will not pay more than 25 cents on the dollar. They further show that, under the bankruptcy act, suits against bankrupts may be stayed, and express the fear that, if Joseph Bieber be allowed to appear in this action, it may be thus stayed, and that ultimately they may be unable to collect the amount of their claim from Leopold Bieber, who, as they assert, is the only solvent debtor. It will be seen that these facts hardly show that Joseph Bieber can under no circumstance be affected by the judgment; for it is possible, though perhaps highly improbable, that, notwithstanding his assignment and subsequent bankruptcy, the partnership property may prove to be more than equal to the amount of his debts.  At the same time, if I believed that I had any discretion in the matter, I should be inclined to deny the defendant's motion, unless it were made to appear that Leopold Bieber was not likely to make an honest defense to the action, which does not appear, and of which there is no suggestion in the motion papers.  Neither party has cited any authorities bearing upon the right of a defendant not served with a summons to voluntarily appear.  The question has, however, arisen before, and has been decided by two able and careful judges. In Higgins v. Freeman, 2 Duer, 650, the question came before Judge Bosworth, who said:

"I think the plaintiff is wrong in the position that a person named as defendant, and against whom personally a judgment is prayed, has no right to appear and answer until he has been served with a summons.  The Code declares the voluntary appearance of a defendant equivalent to a personal service of a summons on him.  This assumes that he has a right to appear. It subjects him to the same liabilities as if personally served with process, and it would be a strange construction of this part of the Code that should hold that he did not thereupon acquire all the rights of a party actually served."

The reporter states, in a note on page 607, that all the cases of practice reported, of which this was one, were decided with the sanction of two, at least, and nearly all with that of three or more, of the justices of the supreme court, as it was constituted in 1853; so that the decision of Judge Bosworth stands for something more than the opinion of a single judge.   The question came up again in 1859, before Judge Ingraham, in Wellington v. Claason, 9 Abb. Prac. 175, and he expressed his entire concurrence with the opinion of Judge Bosworth; holding that under the Code, as well as under the former practice, where several defendants were included in an action on contract, any one not served might, against the plaintiff's objection, enter a voluntary appearance.   These decisions were made under the last sentence of section 139 of the Code of Procedure, which has been copied into the Code of Civil Procedure as section 424, and are, in my opinion, decisive of the present motion.   The plaintiffs appeal to section 1932 of the Code as affording a discretionary power to the court to deny this motion.   I do not so construe it.   That section provides that:

"In an action, wherein the complaint demands judgment for a sum of money against two or more defendants, alleged to be jointly indebted upon contract, if the summons is served upon one or more, but not upon all of the defendants, the plaintiff may proceed against the defendant or defendants, upon whom it is served, unless the court otherwise directs."

This section must be read in the light of section 424, which provides that "the voluntary appearance of a defendant is equivalent to personal service of the summons upon him"; so that what section 1932 really provides is that, in a case therein provided for, a plaintiff may proceed against a defendant or defendants upon whom the summons has been served, or who have voluntarily appeared, and the power reserved to the court is not to authorize procedure against those defendants alone who have been served with summons; for the section itself does that, in the absence of any direction from the court.   What is really reserved to the court is the power to "otherwise direct"; that is, when justice so requires, to forbid the plaintiff to proceed against those defendants upon whom alone he had seen fit to make service.

The motion must be granted, with $10 costs.

Motion granted, with $10 costs.