(27 Misc. Rep. 676.)

DUER et al. v. FOX et al.

(Supreme Court, Special Term, New York County. June, 1899.)

PARTIES—VOLUNTARY APPEARANCE.
    In an action to establish a lien on defendant's land, the filing of the complaint and a lis pendens entitles defendant to enter a voluntary appearance before service of the summons.

Action by John Duer and others, as executors, against Walter Fox and others. Defendants move to compel plaintiffs' attorneys to accept notice of appearance and answer before service of summons. Granted.

George A. Strong, for plaintiffs.
Samuel W. Weiss, for defendants.

BEEKMAN, J. The plaintiffs in this action on May 8, 1899, filed in the office of the clerk of this court a duly-verified complaint, asking, among other things, that they be adjudged to have a lien for $500 on certain real property in this county belonging to the defendant Fox; that said lien be foreclosed, the property sold, and the amount claimed paid out of the proceeds. On the same day they also filed in the office of the clerk a notice of pendency of the action. After the lapse of 14 days the defendants caused their attorney to serve upon the attorneys for the plaintiffs a general notice of appearance in the action, and thereupon an answer and a notice of trial of the issues thus raised, for the June term, were also served. All of these papers, including the notice of appearance, were immediately returned to the attorney for the defendants, on the ground that no summons had as yet been served, and that the defendants had no right to enter any appearance, or to take any steps whatsoever with respect to the action, until they had been brought in by the service of process. The attorney for the defendants now moves to compel the plaintiffs' attorneys to accept said papers. I have been unable to find any authority upon the question thus involved, where the facts are similar to those which exist here. There are cases, however, holding that a voluntary appearance in an action, before the service of process, may be made, when it is essential or proper for the defendant to take action in order to protect his interests, when affected by some step which the plaintiffs have taken in the action. For instance, it has been held that where a writ of replevin has been obtained, and the property of the defendant taken thereunder, or where an order of arrest had been issued, and in other cases, the defendant may voluntarily appear for the purpose of protecting himself and his interests. Clinton v. King, 3 How. Prac. 55; Wellington v. Claason, 9 Abb. Prac. 175; Merkee v. City of Rochester, 13 Hun, 157, 162; Higgins v. Rockwell, 2 Duer, 650. In the latter case the learned judge says (page 652):

"I think the plaintiff is wrong in the position that a person named as defendant, and against whom personally a judgment is prayed, has no right to appear and answer until he has been served with a summons. The Code declares the voluntary appearance of a defendant equivalent to personal service of the summons on him. Code, § 139. This assumes that he has a right to appear. It subjects him to the same liabilities as if personally served with process, and it would be a strange construction of this part of the Code that should hold that he did not thereupon acquire all the rights of a party actually served. The practice was settled in chancery in accordance with the view here expressed, and numerous cases on the subject are collected in 1 Barb. Ch. Prac. p. 81, under the head of 'Appearance Gratis.' "

A reference to the text-book above referred to shows that it abundantly supports this claim.

The contention of the attorneys for the plaintiffs is that no action has been commenced, that the mere filing of the complaint and lis pendens is not the commencement of an action, and that nothing but the service of a summons can accomplish that result. They further claim that the period of 60 days within which the summons must be served in order to keep the lis pendens alive, as provided in section 1670 of the Code of Civil Procedure, was, in part, at least,

intended to enable the plaintiff to hold the property, so to speak, for that period, while he was considering whether he had a cause of action which he could maintain in the courts against the defendant. This claim is, I think, utterly untenable. A person has no right thus to speculate with the remedies given to him by law for the purpose of enforcing a genuine claim, and no such intention will ever be attributed to the legislature, in the absence of a plain statement to that effect. The object of the Code in allowing 60 days within which process must be served was to give to the plaintiff ample time within which to accomplish the service of the summons upon all of the defendants, without in the meantime being compelled from time to time to amend his proceedings by bringing in parties who may have acquired interests in or liens upon the property before the service of the summons had been actually made. In permitting a complaint and lis pendens to be filed, and in giving that act a certain legal effect before the service of a summons, che law presupposes the existence of an intention on the part of the plaintiff to commence and prosecute an action for the relief which the complaint demands; and the persons who are named as defendants are entitled to assume the existence of such a purpose, and to act accordingly for the protection of their interests. The notice of pendency of action itself declares that "an action has been commenced and is pending in this court upon a complaint of the above-named plaintiffs against the above-named defendants for the purpose of establishing, enforcing, and foreclosing a lien or charge," etc. No language could be stronger than this in the assertion of a determined purpose to maintain the action against the defendants upon the cause of action set forth in the complaint. It is, of course, true that, in a technical sense, the action is not commenced until the defendants are in court, and that the filing of the complaint and lis pendens does not of itself constitute the commencement of the action; but the latter is a step authorized by law to be taken to accomplish certain results affecting the litigation while the action is in process of being commenced. The question then arises whether, in such a case as this, the filing of the complaint and notice of pendency of the action creates a situation which justifies the defendants in entering a voluntary appearance in the action before the service of the summons. I think that it does. The effect of filing such a notice is instantly to destroy the ability of the defendant to sell, mortgage, and, to some extent, to lease, his property. He is thus shorn of most of the power which enables him to enjoy that which he owns, and the condition thus created is such that he should be entitled to take every step which the law allows to free himself from the incubus which the plaintiffs have laid upon him. His opponents, in the initiatory steps towards the commencement of an action against him, have subjected him to a serious constraint, and should not be allowed to delay him one single moment in his efforts to secure relief. To that end, he is entitled to as speedy a trial of the action as he can obtain; and, as a prompt appearance and the service of an answer are means to that end, he is justly entitled to take such action. The Code has declared that

a voluntary appearance is equivalent to the service of a summons in the action. While this does not mean that a person can be unreasonably compelled to enter upon a litigation which he has not as yet actually commenced, yet, where legal steps have been taken by the plaintiff, which can be justified only on the ground that he is seeking to enforce a right by action, the situation is quite different, and the defendant should, in all reason, be allowed to appear, where his interests require it, and to accept the issue which in such a case the plaintiff has tendered.

Motion granted, with $10 costs.