(Surrogate's Court, Westchester County. November, 1902.)

**1. SURROGATE'S COURT—JURISDICTION—WAIVER OF CITATION.**
    Where, before the commencement of proceedings for the judicial settlement of the accounts of executors, a necessary party thereto duly executed a waiver of the issue and service of the citation therein and consented to the decree of settlement, no jurisdiction over such party was thereby acquired or conferred.

In the matter of the judicial settlement of the accounts of Harriet E. Graham and Frank W. White, executors. Decree rendered.

Frederick H. Denman, for executors.

SILKMAN, S. The petition filed herein October 17, 1902, recites that one Annie G. Ferguson, residing at Pall Mall, London, England, is a legatee under the will of Elizabeth M. White, deceased. She is, therefore, one of the persons necessary to be cited in this proceeding. Code, § 2728. In order to give the court jurisdiction over this legatee, the executors file an instrument in which said legatee waives "the issue and service of a citation in the above-entitled matter, and consents that a decree may be made settling the final account of said Harriet E. Graham and Frank W. White, as executors, to be filed herein on or about the 17th day of October, 1902."

This instrument is dated and acknowledged before the acting United States consul at Liverpool on the 2d day of October, 1902, 15 days before the filing of the petition by said executors under said section 2728. No proceeding had been actually or constructively commenced when the legatee executed her waiver and consent. I do not think the surrogate has acquired jurisdiction of this legatee by the execution of this instrument.

Section 2516 of the Code of Civil Procedure provides:

"Except in a case where it is otherwise specially prescribed by law, a special proceeding in a surrogate's court must be commenced by the service of a citation, issued upon the presentation of a petition. But upon the presentation of the petition, the court acquires jurisdiction to do any act, which may be done before actual service of the citation."

, Section 2728 provides for the presentation by an executor of his account and a written petition, duly verified, praying for the settlement thereof, and that the proper parties, including legatees, might be cited to attend the settlement.

Section 2517 provides that:

"The presentation of a petition is deemed the commencement of a special proceeding, within the meaning of any provision of this act, which limits the time of the commencement thereof. But in order to entitle the petitioner to the benefit of this section, a citation, issued upon the presentation of the petition, must, within sixty days thereafter, be served, as prescribed in section 2520 of this act, upon the adverse party, or upon one of two or more of adverse parties, who are jointly liable, or otherwise united in interest; or, within the same time, the first publication thereof must be pursuant to an order made as prescribed in section 2522 of this act."

Section 2520 provides how a citation may be served within the state, and also that, in case the person to be served is an adult, and not incompetent, he may assent in writing to the service within a shorter time than that fixed by this section.

Sections 2522, 2524, and 2525 provide for service without the state and upon nonresidents.

Section 2528 provides that:

"The issue and service of a citation may be waived by a party in any proceeding by an instrument in writing, acknowledged and approved as a deed entitled to be recorded, or by personal appearance or by his attorney with written authorization executed and acknowledged as a deed and filed in the office of the surrogate."

It also provides that:

"The appearance of a party against whom a citation has been issued, has the same effect, as the appearance of a defendant, in an action brought in the supreme court."

Section 2474 provides:

"The surrogate's court obtains jurisdiction in every case, by the existence of the jurisdictional facts prescribed by statute, and by the citation or appearance of the necessary parties."

It seems clear from the provisions quoted, which appear to be all that affect the question of jurisdiction, that the surrogate obtains jurisdiction of the proceeding in his court by the presentation and

filing of a petition setting forth the necessary jurisdictional facts, and of the parties either by the issue and service of a citation as provided by the Code, or by the waiver of such issue and service pursuant to section 2528, or by an appearance by an attorney accompanied by a written authorization executed and acknowledged as provided by that section. It needs the citation of no authority to sustain the proposition that a surrogate obtains jurisdiction of a proceeding and of parties only pursuant to the statute.

The question now arises whether the execution of a consent and waiver prior to the institution of any proceeding confers upon the surrogate jurisdiction over the party executing such consent and waiver. While it is true that a practice recognizing such waivers and consents has grown up and is permitted in some surrogates' courts, nevertheless I fail to appreciate the authority for it. What more is it than an agreement not to demand notice of the proceeding; and is it of any greater legal efficacy, as dispensing with the process of the court, than if it had been executed at, or even before, the probate of the will? It is not an instrument executed in the action or proceeding, because there was no proceeding in existence. I cannot help regarding it as analogous to an agreement waiving the issue and service of a summons and consenting to judgment, executed at the time of the giving of an obligation upon which judgment is to be obtained; or analogous to a consent by a party taking a deed of an undivided interest in real estate to the effect that judgment of partition in an action to be brought may be taken without service of the summons. In some states, by express statutory provision, a maker of a promissory note may, at the time of making, stipulate that upon failure to pay judgment may be entered without notice. These are known as judgment notes; but I take it that no such procedure can obtain without express statutory provision. Suppose the party executing the waiver had been induced so to do by false representations, or by mistake as to the effect of the paper executed. Concededly, there is no consideration for the waiver, and, even if there were, public policy would be against holding such waivers effective under the well-established doctrine of constructive fraud. Certainly a party executing such a paper would have a right to a day in court upon the defenses indicated. If, however, the waiver was executed after the surrogate had obtained jurisdiction of the proceeding, any sharp practice or any undue advantage taken in obtaining it could be summarily punished, and the danger of trifling with the court would deter those who might otherwise attempt to take an undue advantage by agreement. I undertake to say that, as a legal proposition, a person cannot be said to have waived his day in court, to which he is entitled by fundamental law, until the action or proceeding has been instituted in which the party is entitled to a day. And that such a day in court cannot be waived until the party making the waiver has had notice, constructively at least, by the institution of the action or proceeding of just what issue or right is waived. Appearing gratis in a proceeding before it has been commenced, or before the court has acquired jurisdiction of it, is unknown to the law. We find it laid down in Barbour's Chancery Practice (volume 1, p. 81):

"Appearing gratis is where the defendant, on being informed that a bill has been filed against him, causes an appearance to be entered for him without waiting to be served with a subpœna."

In Merkee v. City of Rochester, 13 Hun, 157, the court said (page 160):

"The want of a process to bring a defendant into court may, it is true, be waived by a voluntary appearance in the suit; but a voluntary appearance, to be effectual for this purpose, must be with knowledge that there is a suit pending, and with a full intention to appear therein."

This was an action arising under the criminal law; nevertheless I can see no reason for distinguishing the rule laid down by the general term in that case.

The case of Duer v. Fox, 27 Misc. Rep. 676, 59 N. Y. Supp. 426, does not conflict with the general doctrine for which I contend. That was a mechanic's lien case, brought under the statute, in which a verified complaint had been filed, together with a lis pendens, and in the latter it was stated that an action had been commenced to foreclose the lien. The court permitted the defendant to voluntarily appear to protect his interests in the action, because the initial proceeding had been taken under the statute by the filing of a complaint and lis pendens, and the plaintiff was entitled to 60 days within which to complete the service of the process and hold the jurisdiction of the court. There the defendant had been prejudiced by the filing of a lien upon his property, and a step in the proceedings to give the court jurisdiction had already been taken. In the case before us no steps had been taken to initiate the proceeding, or to give the court jurisdiction, either of the subject-matter or of the parties, prior to the execution of the consent and waiver.

I have diligently searched for some authority holding that a necessary party has had his day in court by reason of the execution of a waiver and consent purporting to be made in a proceeding which is only in contemplation, but find none. On the contrary, the authorities are many and uniform that, where waiver and consent have been relied upon to confer jurisdiction and to give a day in court, always have the proceedings been begun and were pending when they were given. Specific reference to such pending proceedings are always to be found in the waiver and consent. I must therefore hold that the court cannot take notice of a waiver of the issue and service of a citation or a consent to judgment executed prior to the time that the court obtains jurisdiction of the proceeding which may be contemplated. No judgment in this matter can be entered binding upon the legatee Annie G. Ferguson.

Decreed accordingly.