Matthew M. Levy, J.
The plaintiff is suing the defendant for damages on three causes of action. The first two are based on fraud and the third is predicated in part on negligence. The plaintiff claims that, on January 5, 1959, he entered into an agreement with the defendant whereby the defendant, for a fee, undertook to counsel and advise the plaintiff from time to time concerning the investment and reinvestment of cash and securities deposited in a security account by the plaintiff with the defendant. In the first and second causes of action, the plaintiff alleges that, during the months of March and April, 1959, the defendant made fraudulent representations as to certain securities and advised the plaintiff to invest large sums of money in them. The plaintiff further alleges that, as a result thereof, he was damaged in a sum which he seeks to recover. In the third cause of action, it is alleged in part that the misrepresentations were made negligently by the defendant, to the plaintiff’s damage. The defendant denies the charges of fraud, negligence and breach of contract.
This is a motion by the defendant to stay the action until arbitration has been had of the causes alleged in the complaint. The agreement of January 5, 1959, does not contain an arbitration clause. It appears that, subsequent to the signing and execution of that “ Investment Counselling Agreement ”, the plaintiff opened a brokerage account with the defendant and signed a “ Customer’s Agreement ” on February 19,1959, which does provide for arbitration. There is no dispute that the defendant did act as broker in respect of all of the transactions set forth in the complaint as having been entered into on the basis of the investment counselling agreement. The defendant maintains that the parties intended, by the second agreement, that all disputes arising out of transactions in which the defendant acted as broker would be subject to arbitration. The applicable paragraph provides, in its pertinent part, that ‘616. Any controversy between you [the defendant] and the undersigned [the plaintiff] arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with ” certain prescribed machinery. (Italics mine.)
I hold that the two agreements are separate and distinct, and are not to be correlated, one with the other. They serve different functions. The January 5 agreement calls for investment *596 advisory service, whereas the February 19 agreement is the usual brokerage agreement whereby the defendant undertook to buy and sell securities on behalf of and on instructions of the plaintiff. The two instruments were not executed concurrently, and make no reference to each other. They contemplate widely different services, call- for entirely different methods of compensation, and can operate separately and apart from each other. The fortuitious circumstance that, in following the defendant’s market advice, as alleged, the plaintiff executed the transactions through the defendant as broker, does not bring into play the customer’s brokerage agreement insofar as the defendant’s counselling the plaintiff as to his investments was concerned. The brokerage agreement does not adopt the counselling agreement, and does not by any clear language indicate that a dispute with respect to any advice given pursuant to the prior contract would be arbitrable under the later one.
The plaintiff states that he is suing on the first agreement only. That instrument, as I have said, does not contain an arbitration provision. It is a complete integration in itself, makes no reference to any other agreement, and must be read alone. Absent a requirement. (directly or indirectly contained in the agreement upon which the suit is substantively brought) that disputes be submitted to arbitration, the plaintiff may not be deprived of his right to seek redress in our courts for any wrongs allegedly done in the performance of the agreement (Matter of Writers Guild of America East, Inc. [Prockter Prods.], 1 N Y 2d 305, 308; Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132).
One other contention merits consideration. Paragraph 10 of the advisory agreement reads: “ 10. You [the defendant] shall not be liable for any action, omission, information, or recommendation in connection with my [the plaintiff’s] investments or this agreement, except in the absence of good faith.” It is therefore suggested by the defendant that since the third cause of action — based (as it is) in part on alleged negligence, and not in any way upon an allegation of bad faith — does not and cannot rest on the advisory agreement alone, and therefore the transactions there referred to must be subject to the brokerage agreement and its arbitration clause. The premise is well founded, but the argument is a non sequitur. It may be that on or prior to the trial, by appropriate motion, the third count in the complaint should be dismissed as insufficient to constitute a cause of action, but it does not follow that, because the plaintiff does not have a just cause on the theory or instrument upon *597 which he sues, it is to be assumed that he necessarily sues upon another (cf. Levins v. Troy Associates, 21 Misc 2d 543, affd. 10 A D 2d 560).
The motion is denied in all respects.