In the Matter of the Arbitration between GEROME LEONARD, Petitioner, and HOWARD F. HEINEMANN, Respondent.

Supreme Court, Special Term, New York County, April 16, 1962.

*Marcus & Janoff* (*Walter Janoff* of counsel), for petitioner. *Reinach & Lehrer* (*Samuel A. Reinach, Jr.,* of counsel), for respondent.

MATTHEW M. LEVY, J. This is an application for a stay of arbitration.

By agreement of May, 1956 the petitioner and the respondent engaged in a stockholders' agreement. That agreement provided for their rights and relations with respect to their stock holdings, the manner of voting their stock at stockholders' meetings, the manner of their voting at meetings of the board of directors, their employment and compensation, "that the salary and any other benefits drawn by them from the corporation shall be equal in all respects", for the purchase and payment of the purchase price by the remaining stockholder in the event either desires to withdraw from the agreement, and for the purchase price and the payment thereof in the event of the death of either of the parties. The agreement also provided for arbitration of any question or controversy arising as to its execution, performance and/or interpretation.

Arbitration was sought by the respondent under this agreement, the relief asked for being the return and payment of the sum of about $2,000 allegedly withdrawn from the corporate treasury by the petitioner without the knowledge, consent or permission of the respondent.

It appears that the parties engaged in a further agreement dated June 28, 1960, in which it is stated that the petitioner and the respondent are the sole stockholders, officers and directors of the corporation and that they are desirous of terminating the business of the corporation and dissolving it and liquidating its assets. By such agreement, the business was terminated as of June 30, 1960.

Subdivision 2 of section 1458 of the Civil Practice Act specifically provides that if there be non-participation in the arbitration proceedings in the selection of arbitrators, the party may move for a stay and put in issue the making of the contract. It appears here that the American Arbitration Association sent the petitioner a list of arbitrators and dates available for hearing, and that the petitioner thereafter served and filed his answer and submitted a list of acceptable arbitrators and dates of hearing. In my view, the petitioner, having taken part in the proceedings for the designation of arbitrators, is thereby precluded from seeking a stay of the arbitration (*Milton L. Ehrlich, Inc.* v. *Swiss Constr. Corp.*, 21 Misc 2d 506, 510; cf. *Matter of A. R. La Mura, Inc.* [*Rochelle Arms Apts.*], 281 App. Div. 683) on the basis of a denial of the making of the contract providing for arbitration (*Matter of Harris* [*East India Trading Co.*], 16 Misc 2d 87, 90; see, also, *Matter of Roscoe* [*Simon*], 12 Misc 2d 370).

The issue here is clearly a matter within the scope of the arbitration clause. And the only question is whether such clause is still in effect. I hold that it is. The efficacy of the arbitration provision in the contract is not exhausted because the contract has terminated. " The statute only requires the contract to have been made and does not require that it shall continue to be in existence." (*Matter of Terminal Auxiliar Maritima, S. A.* [*Winkler Credit Corp.*], 6 N Y 2d 294, 298.) Thus, the effect on the May 1956 agreement — which contains the arbitration clause — of the subsequent agreement of June 28, 1960, as to whether the earlier agreement was thereby terminated, is determinable by the arbitrators (*Matter of O'Connell* [*De Witt Conklin Organization*], 15 A D 2d 758, cf. *Kramer* v. *Dreyfus & Co.*, 25 Misc 2d 594). " This language [Civ Prac. Act, § 1450] seems to imply that all acts of the parties subsequent to the making of the contract which raise issues of fact or law, lie exclusively within the jurisdiction of the arbitrators." (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80; *Matter of Potter Co.* [*Miles Metal Corp.*], 2 Misc 2d 515, 517–518, affd. 2 A D 2d 816.)

The motion is denied.