In the Matter of the Arbitration between EMMA LADIN et al., as Executors of MORRIS LADIN, Deceased, et al., Appellants, and D. & C. TEXTILE CORP., Formerly Known as D. & C. BINDING AND TRIMMING Co., INC., Respondent.

First Department, November 21, 1963.

*David L. Marks* of counsel (*Warren B. Silberkleit* and *Saul D. Kassow* with him on the brief; *Marks & Marks,* attorneys), for appellants.

*Solomon Ostrov* for respondent.

STEUER, J. We believe that Special Term acted correctly in refusing to stay arbitration, though not all of us arrive at that conclusion by identical reasoning. As stated more fully in the dissenting opinion, the respondents here initiated an arbitration proceeding against respondents in the arbitration for breach of a contract and thereafter started a suit at law against other persons for inducing the breach which is the subject of the arbitration.

One Judge is of the opinion that the commencement of the action is, at most, a defense, in the same category as limitations, release, or the like, cognizable by the arbitrators and its applicability to be determined by them. We do not find it necessary to discuss the validity of this approach because our own leads us to the same result.

Respondent's right to arbitration, absent the subsequent lawsuit, is not disputed, nor could it be. We assume that a subsequent suit waives the right to arbitration (*Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15). But to constitute such a waiver the suit at law must be against the same party as against whom arbitration is sought. The dissenting opinion does not dispute this proposition and the reasons are clear. Generally speaking, a waiver does not constitute a bar unless it is intentional, that is, unless the party advisedly gives up the right. Here, it is perfectly clear that the respondent never intended to give up its contract right to arbitrate. Nevertheless, there are certain situations where conduct inconsistent with the maintenance of a right is held to show an abandonment of that right despite the desire to retain it. Such an instance would be certain kinds of uses of property obtained by a contract otherwise subject to rescission. We believe this to be such a situation. The waiver would therefore be effective if a lawsuit was started against the petitioners here, the parties to the arbitration agreement. It would not be effective if no such suit was in fact brought.

So the question in the case resolves down to whether such a suit was brought. In the action that was commenced, for reasons that are not entirely clear, the petitioners were named in the caption as parties defendant. They were never served. They did seek to appear, but their notices of appearance were rejected by the respondent. Is this the commencement of an action against them? We think not.

The question has not arisen very frequently and the authorities are collated in the dissenting opinion. We believe that the correct rule was admirably and succinctly stated many years ago: "It was always the case, that by a voluntary appearance the defendant admitted that regular process had been regularly served. His appearance operated upon prior irregularities and omissions by way of estoppel. But it was never the case, in any court, that a party uninvited and unwelcome, could intrude himself upon the court and the plaintiff, unless he had some right to protect which rendered such appearance necessary." (*Tracy v. Reynolds*, 7 How. Prac. 327, 328.) The dissent claims that even under this statement of the law, this case presents an example of the exception that exists when the person seeking to intervene has an interest in the litigation. This would be so if he stands to suffer directly as a result of the litigation, as where property which he claims is attached or where he can be made liable for any part of the judgment that is recovered and the recovery will establish the claim against him. In other words, he has a right to appear where he is named as a defendant but not served where he otherwise would have a right to intervene. That is not the case here and, in fact, petitioners' interest in the lawsuit is not to protect themselves but to protect others to whom petitioners feel obliged.

Not having the requisite interest in the lawsuit, petitioners had no right to have their unsought appearances accepted and no suit was started against them. It follows that there is no bar to the arbitration, and the order denying the stay of arbitration should be affirmed.

EAGER, J. (concurring). I would affirm. I do not, however, concur fully in the reasoning of the majority, and, consequently, deem it necessary to state my grounds for affirming the order which denied a stay of arbitration.

Clearly, the Supreme Court has no inherent power, on summary application, to enjoin or stay an arbitration proceeding. Such a proceeding, in and of itself, is not a special proceeding subject to the general control and jurisdiction of the court. In fact, the former provisions of the Civil Practice Act (§ 1459) designating such a proceeding as a special proceeding were omitted in the superseding Civil Practice Law and Rules legislation. In any event, except "in specified particulars" an arbitration proceeding is "outside the court realm and jurisdiction — deliberately so taken out of the court by choice and commitment of the parties" (*Matter of Katz [Burkin]*, 3 A D 2d 238, 239). Consequently, except as specifically authorized by agreement of the parties or by statute, the court has no right to step

in and interfere with the jurisdiction conferred by the parties upon an arbitrator to dispose of the controversies between the parties. To permit the court to do so would tend to improperly circumscribe the contracted for authority of the arbitrator and frustrate the agreement of the parties, and this is to be avoided.

There is no statute now authorizing the Supreme Court to grant the application for the stay sought here by the petitioners. Subdivision (b) of section 7503 of the Civil Practice Law and Rules does not apply here. Said section provides for an application by " a party who has not participated in the arbitration "; and it is applicable only where the applicant seeks to have a court determination of any one of the three " threshold questions " preliminary to the assumption of jurisdiction by the arbitrator, namely, the questions (1) whether a valid agreement for arbitration was made; (2) whether such agreement was complied with; and (3) whether respondent is precluded from asserting in court the bar of a limitation of time. (See The Statutes, and Practice Commentary [by Peter W. Thornton], McKinney's Cons. Laws of N. Y., Book 7B, CPLR, p. 488.)

Incidentally, those petitioners here, who were bound by the agreement to arbitrate, following the service upon them of the demand to arbitrate, did not apply to put in issue any one of the three threshold questions, but did submit an answering statement in the arbitration proceeding. Thus, those particular petitioners have " participated in the arbitration ". Thereby, all matters in dispute between them and the respondent were committed to the jurisdiction of the arbitrators and the right to apply under the statute for a stay of the arbitration was waived. (See *Matter of McGovern [Janel's Music Corp.]*, 18 A D 2d 897; *Matter of Leonard [Heinemann]*, 35 Misc 2d 421; *Matter of Harris [East India Trad. Co.]*, 16 Misc 2d 87, 89–90.) Of course, it is true that the petitioners who were not parties to the arbitration agreement may not be said to have waived their rights, but they never had any right, to begin with, to invoke the provisions of subdivision (b) of section 7503.

In any event, concededly, there was here a valid agreement for arbitration. The respondent had complied therewith to the extent entitling it to arbitration fully in accordance with the demand served by it. This is not the case where a condition precedent under the contract or applicable statute had not been fulfilled. (See *Matter of Exercycle Corp. [Maratta]*, 9 N Y 2d 329.) So, we do not have here a " threshold question " justifying the granting of a stay under the authority of said subdivision (b) of section 7503 of the Civil Practice Law and Rules.

The conclusion is inescapable, therefore, that subdivision (b) of section 7503 of the Civil Practice Law and Rules does not apply to authorize a stay of the arbitration proceeding here.

Furthermore, and without regard to the question of lack of statutory authority for the application now made to stay arbitration, basic principles bar court intervention here. Where, pursuant to the agreement of the parties, the arbitration of a controversy between them has been duly demanded, then any and all disputes which arise between them and having a bearing upon the right to relief at the hands of the arbitrator, and all questions of law and fact in connection therewith, must go to arbitration. (See *Matter of Exercycle Corp. [Maratta], supra.*) To this general policy, there are exceptions where the court may enjoin arbitration, but the petitioners here do not have a case within any of the recognized exceptions. (*Matter of Exercycle Corp. [Mariatta], supra*, p. 334.)

So, I would hold that, where arbitration has been duly agreed upon, and the proceeding therefor duly instituted by the service of a demand and an answering statement, then all matters bearing upon the right to maintain the proceeding and to relief by means thereof, including claims of waiver and estoppel, as well as defenses grounded in alleged accord and satisfaction, payment or release, are matters referable to the arbitrator. The questions of law and fact in connection therewith are for him. The court has no right to take over and determine such questions for the purpose of ousting the arbitrator of his jurisdiction in the premises.

In any event, where an arbitration proceeding has been instituted and the parties respondent have served an answering statement, no court has a right to interfere with the normal course of the proceeding. It is well settled that, then, all matters of procedure, except as otherwise specified by the statute or the contract of the parties are for the arbitrator. (See *Matter of Katz [Burkin]*, 3 A D 2d 238, *supra*; *Gutchen* v. *Dembitzer*, 4 Misc 2d 650, affd. 285 App. Div. 928; *Matter of Welsted & Son [Hawkins]*, 18 A D 2d 869; *Matter of MVAIC [McCabe]*, 19 A D 2d 349.) Thus, the granting by the Supreme Court of a temporary stay of the arbitration pending the determination of another Supreme Court action, as a procedural device or matter, would constitute an undue usurpation of the powers of the arbitrator with relation to the course of the proceeding before him. If there is to be a stay of a pending arbitration, then, absent statutory provisions to the contrary, this is a matter for determination by the arbitrator.

Finally, under the circumstances here, if any proceeding is to be stayed on motion, it should be the Supreme Court action

which was brought subsequent to the institution of the arbitration proceeding (see *Flash* v. *Goldman,* 278 App. Div. 829; see same case *sub nom. Matter of Goldman [Flash],* 278 App. Div. 830; *Bartley Bros. Constr. Corp.* v. *National Sur. Corp.,* 280 App. Div. 798); and those petitioners here, against whom the action is pending, are not precluded hereby from so moving.

BREITEL, J. (dissenting). Respondent-respondent Textile Corporation, claiming breaches under and a violation of a five-year requirements contract, seeks damages both in an arbitration proceeding under the contract and in an action purportedly framed in tort. The breach of the contract and the basis for the tort involve the same events, the same wrong, and the same damages. Textile seeks to justify this multiple approach on the ground that the arbitration is against parties with whom it contracted, while the action is only against persons with whom it did not contract. It avoids an identity of parties, it argues, by its averment that the parties respondent in the arbitration, who are also named not merely as co-conspirators but as defendants in the action, have not been served and will not be served in the action. When these named but unserved defendants, whom Textile says are not parties, served a notice of appearance, the notice was rejected and returned.

As a consequence there are two questions. The first is whether the right to arbitrate was waived by the bringing of the action and the second is whether the parties in the arbitration are also parties in the action.

The parties to a contract providing for arbitration agree to settle disputes solely through arbitration and do not consent to be burdened by two contemporaneous proceedings. The double burden and the likelihood of conflicting determinations are apparent. Hence, a contemporaneous action may be dismissed or stayed (see CPLR 3211, subd. [a], par. 5, 7503, subd. [a]). For parallel reasons, the parties may abandon their arbitration rights under the contract and pursue their remedies in the courts. That occurs when one party commences an action and the other asserts waiver of the right to arbitrate.

Since *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15) it has never been effectively disputed that a party entitled to demand arbitration waives that right by bringing an action involving the same claim.[1] Indeed, such waiver has been held to occur even where the person seeking arbitration had merely sought

---

1. It is now clear enough that respondent's behaviour has been solely to avoid the rule in the *Zimmerman* case. The question then becomes whether the maneuver of bringing the action later rather than before instituting arbitration should succeed where the reverse sequence must fail.

to protect his interest by filing a mechanic's lien (*Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244; now changed by statute, Lien Law, § 35). The same waiver was held to have occurred when stockholders sought arbitration after having first resorted to a proceeding under section 25 of the General Corporation Law, now section 619 of the Business Corporation Law (*Matter of Gerakares* v. *Camarinos*, 2 A D 2d 850, mot. for lv. to app. den. 2 A D 2d 894). The waiver rule, of course, has been followed in this Department (e.g., *Matter of Cooper Hats* [*Kadis*], 285 App. Div. 937, affd. 309 N. Y. 705).

More recently the waiver rule was applied in a case remarkably like that here, and which had not yet been decided when Special Term denied the motion to stay arbitration (*Matter of United Paper Mach. Corp.* [*Di Carlo*], 19 A D 2d 143). There, as here, the action involved parties additional to those who were respondents in the attempted arbitration proceeding. It was held that the right to arbitrate had been effectively waived. (Cf. *Leesona Corp.* v. *Cotwool Mfg. Corp.*, 315 F. 2d 538 [4th Cir., 1963], in which there were entirely different parties involved in the arbitration and the action. The arbitration was stayed pending determination of the action.) Hardly necessary to add, in all of these cases the party who " waived " the right to arbitrate, did not wish to forego arbitration but sought to arbitrate and sue at the same time. This is waiver.

When a waiver allegedly occurs the adversary who wishes to rely on the waiver may proceed under subdivision (b) of section 7503 of the Civil Practice Law and Rules (formerly Civ. Prac. Act, § 1458, subd. 2). The statute provides for application to stay arbitration where no valid agreement to arbitrate was made or complied with. It is a procedure corollary to that provided for compelling arbitration under subdivision (a) of the statute which also refers in indentical language to whether a valid agreement for arbitration was made or complied with. The bulk of the cases, of which the *Zimmerman* case (*supra*) is the leading, involved motions to compel arbitration. In those cases it was determined that by bringing the action there had been abandonment or waiver of the arbitration provision of the contract. *Matter of United Paper Mach. Corp.* (*Di Carlo*) (*supra*) on the other hand, involved, as here, a motion to stay the arbitration. A similar remedy was sought and applied in like circumstances in *Sussman* v. *Goldberg* (28 Misc 2d 1070).

The legislative history makes it clear that the shifting language from the old statute to the new through intermediate drafts was not intended to remove from the courts the responsibility of determining whether a valid and binding agreement

to arbitrate subsisted, as contrasted with one never validly made (e.g., 6th Report, N. Y. Legis. Doc., 1962, No. 8, p. 649; McKinney's Cons. Laws of N. Y., Book 7B, CPLR, § 7503, comment at pp. 488 and 490).

The concurring opinion by Mr. Justice EAGER raises interesting points not made by the parties. Its primary point depends upon the construction of the word "participated" in the statute (CPLR 7503, subd. [b], formerly Civ. Prac. Act, § 1458, subd. 2). As the concurrence would take it, the statute provides a word trap which can be sprung on the unwary, namely, by the designing litigant not bringing the procedurally contradictory action at law until after the adversary has "participated" in the arbitration.

Neither the old statute (Civ. Prac. Act, § 1458, subd. 2) * pretended with but one exception, nor does the new pretend, to particularize, what constitutes "participation", and for good reason. The disqualifying participation must be of the nature of conscious waiver. An answer served with knowledge of the pendency of the contradictory action is one thing; service of the answer before the pendency of the action is quite another. Here, when petitioners served their answer in the arbitration, there was no option to waive or object, and that sequence of events was undoubtedly the design of respondent.

The concurrence would reward that design of respondent by a strained interpretation of the statute. Of the three cases upon which it relies, two involved attempts to stay arbitration after the selection of arbitrators (*Matter of McGovern [Janel's Music Corp.*], 18 A D 2d 897; *Matter of Leonard [Heinemann]*, 35 Misc 2d 421). The third case involved contest on the merits by the objecting party before the arbitrators and in "appeal" under the arbitration procedure (*Matter of Harris [East India Trad. Co.*], 16 Misc 2d 87).

The Court of Appeals in determining, under the old statute, what constitutes participation in an arbitration proceeding has been quite restrictive. Thus, in *Matter of De Laurentiis (Cinematografica)*, 9 N Y 2d 503, 509, it overruled the holding of this court that, before the selection of arbitrators, successive requests for extensions of time constituted participation. In *Matter of National Cash Register Co. (Wilson)* (8 N Y 2d 377, 383) the emphasis was placed upon the selection of arbitrators and in the proceedings before *them* as the operative fact for establishing a waiver to object to the arbitration. As already observed, the cases upon which the concurrence relies, also under

---

* CPLR became effective September 1, 1963. The order appealed from was entered July 16, 1963.

the old statute, satisfy this test, but the instant case does not. Notably, in this case the parties have not yet selected the arbitrators.

Subdivision 2 of section 1458 of the Civil Practice Act in providing for stay of an arbitration required that the applicant " [not have] participated in the selection of the arbitrators or in any of the proceedings had before them ". Subdivision (b) of section 7503 of the Civil Practice Law and Rules is the successor provision. It refers simply to a " party who has not participated in the arbitration ". This change in language was not intended to effect any substantial change in meaning (see 1958 Report of Temporary Comm. on Courts, 2nd Preliminary Report of Advisory Comm. on Practice and Procedure [N. Y. Legis. Doc., 1958, No. 13], p. 136). The subsequent legislative reports on the statute express only an intention to make minor changes in the language (see McKinney's Cons. Laws of N. Y., Book 7B, CPLR, § 7503, Legis. Notes at p. 491).

On this view, the statutory policy not to permit needless interference with the expedition of the arbitration process, properly instituted, actually proceeding and not merely contemplated, is not frustrated. Moreover, the statute is not bent to promote chicane purpose to arbitrate and to sue in court at the same time, in violation of the better judicial policies affecting arbitration. Lastly, the interruption of the arbitration, if that it be, is solely in the control of those who first demanded arbitration, and then, by patent device disclosed in the pleading, sought procedurally inconsistent litigation.

The second question is whether the effort to name parties in the action and yet prevent them from becoming parties, by not serving them and opposing their appearance, is effective.

The general rule is that a person named as a defendant and not served, without more, has no right to compel prosecution of the suit against the will of the plaintiff (see, e.g., *Stevenson* v. *Diamond Fuel Co.,* 198 App. Div. 345; *Nosrep Corp.* v. *Clinton Securities Corp.,* 193 App. Div. 878; see, also, *Tractor Training Serv.* v. *Crandall,* 140 N. Y. S. 2d 827, 832; *Matter of Graham,* 39 Misc. 226, 229–230). Notably, the cases turn on whether there is any action pending and whether a named defendant can force an unwilling plaintiff to continue with an action he no longer wishes to pursue against anyone.[2]

---

2. *Tracy* v. *Reynolds* (7 How. Prac. 327) cited by the majority, is precisely such a case. A defendant, never served, sought to compel a reluctant plaintiff to respond to a motion to dismiss the complaint in an action he had already discontinued. Consequently, both the holding and the language of the case are completely consistent with the view taken above.

It has also been held in appropriate cases that the joinder of a party not served whose presence would embarrass the continuance of the suit, either because of lack of jurisdiction in the court, or because of misjoinder, could not force himself into the action for the purpose of destroying it (see, e.g., *Weidman* v. *Sibley,* 16 App. Div. 616, in which 2 of the majority of 3 concurred in dictum on the issue involved here).

From cases of the kind discussed the principle has been derived that a person named as a defendant but not served has no right to persist in the action, over the objection of the plaintiff, unless he has some interest to preserve (3 Carmody-Wait, New York Practice, Appearances, § 21, which provides an excellent statement of the general rule and the cases from which it has been derived). Most of the cases have involved tangible interests (e.g., *Martine* v. *Lowenstein,* 68 N. Y. 456, 458; *Duer* v. *Fox,* 27 Misc. 676; *McLoughlin* v. *Bieber,* 26 Misc. 143; *Wellington* v. *Claason,* 9 Abb. Pr. 175; see *White* v. *White,* 84 Misc. 114, 116, affd. 164 App. Div. 922). The rule, however, has never been so confined. On the contrary, it was broadly stated in *Martine* v. *Lowenstein* as follows (p. 458): "A party defendant in an action may appear at any time before judgment or at any time afterward, so long as there is any proceeding in which he has any rights or interests to protect." (See, also, *Eleventh Ward Bank* v. *Powers,* 43 App. Div. 178; 6 C. J. S., Appearances, §§ 3, 4.)

In this case, the action is fully pending and will continue and plaintiff so intends. Nor will the presence of all the named defendants embarrass or destroy the jurisdictional basis of the action or the court in which it is pending. In this case, Emma Ladin and Economy Bias Binding Co., Inc., have a vital interest in the Supreme Court action brought against them by Textile. If successfully prosecuted it would "determine" that she and Economy had been guilty of a corrupt tort and breach of contract, albeit without *res judicata* effect, if Special Term is correct. The impact of such a "determination" upon credit and reputation would be the least of their problem. The likely effect upon the arbitration and any award would no doubt be significant, though not entirely estimable. Moreover, although Mrs. Ladin holds an agreement of indemnity from Economy Industries, Inc., and Herbert Jacobs, Economy Bias Binding Co., Inc., does not. Certainly, in this melange of liabilities in purported tort and in contract, to hold that Mrs. Ladin and Economy Bias do not have an interest in the lawsuit is to play with words and ignore the facts not only of economic but of legal life.

It is regrettable that discussion of the issues produces no argument justifying the duplicatory and inconsistent procedures devised by respondent but only conclusions of procedural inadequacy to prevent the result. Actually, analysis shows that there is no such inadequacy but only the fancied obstacle of secondary procedural rules, designed to implement and not to vary the basic relationship between the courts and arbitration.

Accordingly, I dissent and vote to reverse and grant the motion to stay the arbitration.

BOTEIN, P. J., and RABIN, J., concur with STEUER, J.; EAGER, J., concurs in result in opinion, in which RABIN, J., concurs, except insofar as inconsistent with majority opinion. BREITEL, J., dissents in an opinion.

Order, entered on July 16, 1963, denying the stay of arbitration, affirmed, with $20 costs and disbursements to respondent.